B104
(Rev.
2/92)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Angel and Yanett Rojas | Citicorp Trust Bank |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Ellen Stone, The Stone Law Firm, P.C., 62 E. Price Rd, Brownsville, TX 78520, 956-546-9398; Karen L. Kellett, The Kellett Law Firm, 900 Jackson St., Ste ⊞ | H. Gray Burks, IV, Barrett, Daffin, Frappier, Turner & Engel, LLP, 1900 St. James Pl., Suite 500, Houston TX 77056, 713-621-8673 |

**PARTY** (Check one box only)  [✓] 1  U.S. PLAINTIFF     [ ] 2  U.S. DEFENDANT     [ ] 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Class action for relief, including actual and punitive damages, sanctions and attorneys' fees for false, materially inaccurate, fraudulent and/or undocumented proofs of claim; equitable relief for same, including injunctive and declaratory relief, and sanctions; objection to claim; 11 U.S.C. Sections 105, 501, 502; 28 U.S.C. Sections 1334, 1409, 2201, 2202; 18 U.S.C. Sections 5152, 3571; Fed R. Bankr. P. 3001.

### NATURE OF SUIT
(Check the one most appropriate box only.)

[ ] **454** To Recover Money or Property

[ ] **435** To Determine Validity, Priority, Extent of a Lien or Other Interest in Property

[ ] **458** To obtain approval for the sale of both the interest of the estate and of a co-owner in property

[ ] **424** To object or to revoke a discharge 11 U.S.C. § 727

[ ] **455** To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

[ ] **426** To determine the dischargeability of a debt 11 U.S.C. § 523

[✓] **434** To obtain an injunction or other equitable relief

[ ] **457** To subordinate any allowed claim or interest except where such subordination is provided in a plan

[ ] **456** To obtain a declaratory judgment relating to any of the foregoing causes of action

[ ] **459** To determine a claim or cause of action removed to a bankruptcy court

[ ] **498** Other (specify)

**ORIGIN OF PROCEEDINGS**
(Check one box only.)

[✓] 1 Original Proceeding    [ ] 2 Removed Proceeding    [ ] 4 Reinstated or Reopened    [ ] 5 Transferred from Another Bankruptcy Court    [✓] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND | OTHER RELIEF SOUGHT Sanctions, Declaratory Judgment, Damages | [ ] JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR Angel and Yanett Rojas | BANKRUPTCY CASE NO. 07-70058 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Southern District of Texas | DIVISIONAL OFFICE Brownsville, Texas | NAME OF JUDGE Schmidt |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE | (Check one box only.) | [✓] FEE ATTACHED | [ ] FEE NOT REQUIRED | [ ] FEE IS DEFERRED |
|---|---|---|---|---|

| DATE 02/02/2008 | PRINT NAME Ellen Stone | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 07-70058-M |
| | § | |
| ANGEL ROJAS and YANETT ROJAS | § | CHAPTER 13 |
| | § | |
| DEBTORS. | § | |
| | § | |
| ANGEL AND YANETT ROJAS | § | |
| | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CITICORP TRUST BANK, | § | |
| fsb f/k/a TRAVELERS BANK & TRUST; | § | |
| | § | ADVERSARY NO. _____ |
| | § | |
| Defendant | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Angel and Yanett Rojas, and file this Original Complaint and Application for Injunctive Relief against Defendant Citicorp Trust Bank, fsb f/k/a Travelers Bank & Trust ("Citicorp." or "Citi" or  "Defendant," or "Defendant Citicorp") complaining of Citicorp's pattern and practice of violating the provisions of the United States Bankruptcy Code.  In support of their pleadings, Plaintiffs respectfully show the Court as follows:

**ORIGINAL COMPLAINT - Page 1**

## I.  PRELIMINARY STATEMENT

1.      This class action is brought by Plaintiffs to remedy Defendant Citicorp's consistent pattern and practice of disregard for the provisions of the United States Bankruptcy Code.

2.      Specifically, this class action is brought to remedy Defendant's pattern and practice of abusing the entire bankruptcy process by filing false and misleading proofs of claim in bankruptcy cases.

3.      Citicorp specifically and purposely disregards the Bankruptcy Code and, through false, fraudulent, misleading and undocumented proofs of claim, illegally collects or attempts to collect amounts from debtors that Citicorp cannot document and/or are not actually owed. Defendant's routine and persistent filing of undocumented and false proofs of claim are an abuse of process and are in violation of the Bankruptcy Code and Rules.

4.      Plaintiffs seek a finding that Defendant's acts are in violation of the Code and Rules, and that Plaintiffs and class members are entitled to declaratory and injunctive relief, monetary, actual and punitive damages, and attorneys' fees, a finding of contempt and the issuance of sanctions against Defendant Citicorp for practices and failure to abide by the requirements of the Bankruptcy Code.  The practices complained of herein represent common policies and practices of Defendant and similarly affect all members of the proposed class.

## II.  JURISDICTION AND VENUE

5.      Jurisdiction of this action arises under 28 U.S.C. § 1334, 11 U.S.C. §§ 501 and 502 and Federal Rules of Bankruptcy Procedure 3001.  Plaintiffs assert claims against Defendant for violation of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1409 and because a substantial portion of the events giving rise to Plaintiffs' claims occurred in this district.  Plaintiffs filed for

ORIGINAL COMPLAINT - Page 2

bankruptcy protection in this district, Citicorp filed its proof of claim in this district, and Defendant transacts business in this district.

7.       Plaintiffs' action for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Plaintiffs' actions for a finding of contempt of provisions of the Bankruptcy Code are authorized by 11 U.S.C. §§ 105, 501, and 502 and Federal Rules of Bankruptcy Procedure 3001.  Plaintiff's request for injunctive relief is authorized by 11 U.S.C. §§ 105, 501 and 502, Fed. R. Civ. P. 65 and Federal Rule of Bankruptcy Procedure 7065.  Plaintiffs' request for class relief is authorized by Federal Rule of Civil Procedure 23 and Federal Rule of Bankruptcy Procedure 7023.

### III.  PARTIES

8.       Plaintiffs Angel and Yanett Rojas reside at 1306 Camelia Street, Hidalgo, Texas 78557.

9.       Defendant is, on information and belief, a federal savings bank with its principal office in Wilmingham, Delaware, that may be served with process by serving its registered agent, C.T. Corporation System, 350 North St. Paul, Dallas, Texas 75201, by certified mail, restricted delivery, return receipt requested.

### IV.  NATURE OF THE ACTION

10.      A creditor may file a proof of claim.  11 U.S.C. § 501.  Fed. R. Bankr. P. 3003(c)(1). A proof of claim is a written statement setting forth a creditor's claim.  A proof of claim shall conform substantially to the appropriate official form.  Fed. R. Bankr. P. 3001(a).  When a claim is based on a writing, the original or duplicate shall be filed with the proof of claim.  Fed. R. Bankr. P. 3001(c).  If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.  Fed. R. Bankr. P. 3001(d). In addition, the Official Form requires that the claimant attach supporting documents, such as a

promissory note, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreement and evidence of perfection of lien.  Official Form B10. The Advisory Committee Note related to this portion of one version of Official Form B10 states: "If the claim includes prepetition interest or other charges such as attorneys fees, a statement giving a detailed breakdown of the elements of the claim is required."  A proof of claim that is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes "prima facie evidence" of the validity and the amount of the claim.  Fed. R. Bankr. P. 3001(b).  A claim, proof of which is filed under 11 U.S.C. § 501, is deemed allowed, unless a party in interest objects.  11 U.S.C. § 502.  The penalty for filing a fraudulent claim is a fine of up to $500,000 or imprisonment for five years, or both.  18 U.S.C. §§ 152 and 3571.

11.     Despite these mandates, for the past several years, Citicorp has engaged in a pattern and practice of abusing debtors who have filed for protection under Chapter 13 of the United States Bankruptcy Code (the "Code") by filing false, fraudulent, misleading and undocumented proofs of claim in the nation's bankruptcy courts.

12.     Citicorp, and its affiliates under the Citigroup umbrella, have been operating under the assumption that the fees and costs in their proofs of claim in consumer cases are invulnerable to challenge because debtors lack the sophistication, the debtors' bar lacks the financial motivation, and the bankruptcy courts lack the time to call them to task on their false proofs of claim.  *See, e.g., In re Prevo*, 394 B.R. 847, 848-49 (Bankr. S.D. Tex. 2008).

13.     Indeed, Citicorp, and other members of the mortgage industry, are intentionally trying to game the system by filing proofs of claim with undocumented and excessive fees, and misleading or false information, and then (sometimes, but not always) reducing those fees only after being exposed by debtors' counsel through an objection.  *See id.*  The system cannot work if lenders

**ORIGINAL COMPLAINT - Page 4**

violate the Code and Rules in the first place by filing false and misleading claims, only to amend them if "caught" by the debtors' bar with an objection, or, worse, litigate the debtor to death over claims that were not even legitimate when filed.  Such a "system," if it can be called that, is inherently unfair to the debtors and their counsel because they are forced to litigate claims that were false and fraudulent, and not filed in accordance with the rules, in the first place.  The economics of such matters makes it likely, much more often than not, that the debtors and the trustees will simply pay the claims, even if they are false.  *See id.*

14.     Indeed, although debtors bear the initial burden of raising objections to claims, they should not be saddled with expenses incurred in filing objections to proofs of claim that were false and fraudulent when filed in the first place.  Lenders must take some responsibility for complying with the minimum requirements for filing a proof of claim by attaching supporting documents in the first instance before the issue is raised by debtors' counsel.  *See id.* at 851, n.8*, citing Tate v. NationsBanc Corp. (In re Tate),* 253 B.R. 653, 666 (Bankr. W.D. N.C. 2000).  In addition, the Court has a duty to protect debtors from paying unsupported and potentially overreaching charges, and it cannot do so if the claim is false, fraudulent, misleading and unsupported.  *See Prevo*, 394 B.R. at 850.

15.     By this suit, Plaintiffs seek to remedy Citicorp's consistent pattern and practice of disregard for federal law and to prevent its wrongful filing of proofs of claim in the United States Bankruptcy Courts.  Individually and on behalf of the entire class, Plaintiffs seek a finding that Defendant's acts are in violation of the bankruptcy rules regarding claims, and constitute an abuse of process, an abuse of the Bankruptcy Code, and an abuse of the bankruptcy courts of this country.  Plaintiffs further seek declaratory and injunctive relief, monetary, actual and punitive damages,

reasonable attorneys' fees, a finding of contempt and the issuance of sanctions against Citicorp for its actions.

## V. <u>SUMMARY OF THE CLAIMS & CLASS ACTION ALLEGATIONS</u>

16.     Citicorp and its Citigroup affiliates are among largest mortgage lenders in the nation. Through its lending activities, Citicorp is and has been a creditor in thousands of consumer bankruptcy proceedings throughout the country.   The dollar amount of Defendant's debt that has been subjected to consumer bankruptcy proceedings under the Code is in the millions of dollars. Defendant's business practices are subject to, among other things, the Code and the Rules.

17.     For a number of years, Citicorp has engaged in a common course of conduct to ignore the mandates of the Code by systematically filing false, misleading and undocumented proofs of claim.   Citicorp purposely does not have policies and procedures in place to file accurate and documented claims.   Even after objections are filed, Citicorp either withdraws or amends the claim, and/or Citicorp and its counsel engage in unconscionable litigation over the claim, still refusing to provide the required documentation.   As described in more detail herein, all such actions are in direct violation of the Code and Rules, and constitute an abuse of process.

18.     Citicorp's fraudulent practices are made with reckless disregard for the truth and the mandates of the Code.

19.     This process of false, misleading, and undocumented claims occurs numerous times throughout the United States at a tremendous and unconscionable cost to unsophisticated consumer debtors, their counsel, their creditors, the bankruptcy court systems in which they operate, and the rule of law under the Bankruptcy Code**.**

20.     Through its actions, on information and belief, Citicorp has wrongfully collected or attempted to collect millions of dollars of debt in bankruptcy proceedings, and have caused millions

of dollars of damages to debtors and their counsel in paying and/or responding to Citicorp's false claims. Citicorp's policies and practices are manifestly unlawful in that they cause Citicorp to (a) conceal from all parties the nature of the claimed debts and the required documentation for the claimed debts, (b) deprive debtors, their counsel, the trustees and the courts of the ability to analyze the claims and determine if the amounts claimed are accurate and justified, (c) commit perjury in the United States bankruptcy courts of America, (d) destroy the debtor's ability to formulate an accurate reorganization plan based on actual, documented debt, and (e) deprive other creditors of money from the estate because the trustee pays money from the estate to Citicorp based on its false and fraudulent proofs of claim. Indeed, Citicorp's actions destroy a key component of the bankruptcy processes in America. By its actions, Citicorp has shown it is not only indifferent to the requirements of the United States Bankruptcy Code, but that it has utter contempt for the Code and the federal bankruptcy courts of this country.

21. Section 105 may be used to sanction the filing of a false or fraudulent proof of claim because it is violative of the Bankruptcy Code and abusive of the bankruptcy process. *In re Verona*, 388 B.R. 705, 716 (Bankr.E.D. Va. 2008). The filing of a false or fraudulent claim in a bankruptcy case "would unquestionably constitute an abuse of the claims process as well as an attempted fraud upon the court." *Id.* Filing a false or fraudulent claim in a bankruptcy "is also violative of any number of specific Bankruptcy Code provisions, warranting the imposition of sanctions." *Id.*

22. The bankruptcy system simply cannot operate if mortgage lenders can force debtors to spend thousands of dollars litigating a claim to force the lender to provide information regarding the claim, which the lender was supposed to include with the claim. The system especially cannot operate if the claims filed by the lenders are false and fraudulent in the first place.

**ORIGINAL COMPLAINT - Page 7**

## VI.  SPECIFIC ALLEGATIONS AS TO
## PLAINTIFFS ANGEL AND YANETT ROJAS

23.     On February 24, 2000, Plaintiffs executed and delivered to Travelers Bank & Trust, FSB a promissory note in the principal face amount of $55,985.65.  See Exhibit A.  The note was secured by a Deed of Trust.  See Exhibit A.

24.     On February 5, 2007, the Debtor filed Case No. 07-70058.

25.     On February 26, 2007, Citicorp. filed a Proof of Claim, Claim No. 4.  Exhibit A. Claim No. 4 has a "Proof of Claim Addendum"  that set forth the following as facts:

### Mortgage Information

Current Principal Balance       $53,794.92

Regular Monthly Payment     $665.71   Current Interest Rate 14.05080%

Is this a variable interest loan:                         YES    X    NO
If yes, date of next adjustment?
Are property taxes included in the monthly statement?      YES    X    NO
Is insurance included in the monthly payment?        YES    X    NO
Is the loan due in full and payable in less than 5 years?   YES    X    NO
If yes, due date_____.

### Arrearage Calculation

| | |
|---|---:|
| 24 Monthly payments of $665.71 | $15,997.04 |
| 1 Monthly payment of $ 91.48 | 91.48 |
| Late fees of ____ per month | |
| Escrow shortage:  tax amount | 3,136.10 |
| Attorney fees for prior bankruptcy | 6,102.66 |
| Other (describe) Uncollected late charges | 432.64 |
| Other (describe) Fax Fee | 15.00 |
| Other (describe) BPO | 377.00 |
| Other describe) Pre-con FCL | 2,912.27 |
| Total arrearage amount to be cured in plan | $29,044.19 |

*Creditor must notice Trustee of any and all changes to monthly mortgage payment.***

**ORIGINAL COMPLAINT - Page 8**

26.     The claim had no supporting documentation for the amounts claimed and did not make sense.  Therefore, counsel for the Debtor tried for months to obtain information regarding backup with respect to the claimed amounts, to no avail.

27.     Finally, counsel for the Debtor filed an objection to Citicorp's proof of claim and Barrett Burke, on behalf of Citicorp, filed a response.

28.     Thereafter, still unable to resolve the matter with Barrett Burke, counsel for the Debtor sent the letter attached as Exhibit B.  Thereafter, Sophia Manning of Barrett Burke sent some e-mails, see, e.g. Exhibit C, clearly showing that the descriptions in the proof of claim were false.

29.     Citicorp never amended its claim or withdrew it.

30.     The Debtor served discovery on Citicorp.

31.     On September 24, 2008, Citicorp filed its responses to Plaintiffs' request for admission.  Exhibit D[1]  These responses further establish, among other things:

- The $3,136.10 claimed for "Escrow shortage:  tax amount" *is false*.  The amount includes sums for force-placed insurance.

- The $6,102.66 claimed in the POC for "Attorneys' fees" *is false*.  Indeed, after extensive litigation, Citicorp *now* finally admits (or asserts) that the $6,102.66 figure on the Proof of Claim described  as "attorneys' fees" is *actually* for the following:

|  |  |
| --- | --- |
| • Attorney's fees (foreclosure 9/23/05) | $  865.00 |
| • Title search and reports | 178.61 |
| • Recording fee | 175.00 |
| • Tax search | 72.04 |
| • Attorneys' fees | 150.00 |
| (Objection to claim defense; pd 1/25/07) | |
| • Taxes City of Hidalgo and Hidalgo ISD | 5,030.98 |
| • Taxes Hidalgo County | 1,523.81 |

---

[1]     Citicorp never responded to the remaining discovery and never provided any legitimate documentation for the "Pre-con FCL" item (whatever that is) in the amount of $2,912.27.  Indeed, Citicorp has not provided any appropriate papers (receipts, invoices, etc.) that sufficiently document the deficiency amounts claimed.

**ORIGINAL COMPLAINT - Page 9**

32.     Citicorp's actual response with respect to the $6,102.66 in "attorneys' fees" listed on the Proof of Claim Addendum is set forth below:

**Request No. 3.**

> Admit that on the Addendum, the amount listed for "Attorneys' fees for prior bankruptcy $6,102.66" is not, in fact, entirely for attorneys' fees.

**Response:**

> **Deny** that the $6,102.66 listed in the arrearage calculation is not for actual fees or costs expended pursuant to the mortgage note and/or deed of trust.  Admit that the $6,102.66 consists of $1,290.65 for foreclosure attorney fees and foreclosure costs paid on September 23, 2005 [$865 attorney fees, $178.61 title search and report, $175 recording fee and $72.04 tax search] plus (+) $150 for attorney fees for objection to claim defense (paid January 25, 2007) *plus (+) $5,030.98 paid on or about September 27, 2004 to Hidalgo ISD/City of Hidalgo for taxes for the years 2001 - 2004 and $1,523.81 paid on or about September 27, 2007 to Hidalgo County for taxes for the years 2001 through 2003 minus (-) $1,892.78 refund credited to Debtor's account, all of which is subject to document production from Debtor to verify who directly paid the taxes for this period (Debtor or Creditor).  Hidalgo ISD/City of Hidalgo tax records carry forward payments but do not go back prior to 2005 regarding specific receipts with respect to check numbers, amounts and payees.*

Response to Request for Admissions, Exhibit D, Response to Request No. 3.  In other words, for this $6,102.66 item alone on its proof of claim, Citicorp first lied about the nature of the debt, stating that it was all attorneys' fees, now claims that the majority of this item is actually for various taxes, however, is not even sure that it even paid such taxes, yet asserts that the *debtors* must verify whether they (the debtors) or Citicorp actually paid the taxes!  ("all of which is subject to document production from Debtor to verify who directly paid the taxes for this period (Debtor or Creditor)").[2]

---

[2]      As will be shown in this suit, Citicorp, and its affiliates, also engaged in unconscionable proof-of-claim behavior in the Debtors' previous bankruptcy proceedings.  *See also, In re Prevo, infra,* in which the court castigated Citi Residential Lending, Inc. for its unjustified proof-of-claim practices and discussed the need to address the larger problem of mortgage lenders who "game the system" by seeking potentially unjustified fees through their practices of filing

# VII.  CLASS ACTION ALLEGATIONS

33.     Because Citicorp's wrongful conduct is widespread and uniform, Plaintiff would

show the Court that this case should be certified for class action treatment pursuant to Rule 23(a)

and 23(b)(3) and/or (b)(2), Fed. R. Civ. P.

34.     The class the Rojases seeks to represent consists of:

> Individual debtors who filed for protection under the United States
> Bankruptcy Code after January 1, 1999, and in which Citicorp filed a proof
> of claim.

35.     The class is so numerous, numbering in the tens of thousands of members, with class

members throughout the country, that joinder of all class members is impracticable.  A class action

is the only feasible method of adjudicating the rights of the affected borrowers, and, absent

allowance of certification of a class action, a failure of justice will result.

36.     The Plaintiffs' claims are likewise typical of those of the un-named class members.

The Rojases have been subjected to the same misconduct as the members of the proposed class.

They seek similar remedies for themselves and the absent class members.

---

misleading and undocumented proofs of claim.

      This case is indicative of at least one of Citicorp's and its counsel's strategies with respect to the false claims that Citicorp files in the nation's bankruptcy courts:  the scorched-earth strategy.  Not only did Citicorp file a claim that was false, fraudulent and undocumented to begin with, when it was questioned on its claim, rather than provide the information requested, Citicorp's counsel instead engaged in obstreperous and unnecessary actions with respect to the claim.  Citicorp's counsel first ignored all requests for backup of the amounts claimed, forcing the debtors to file an objection.  Thereafter, when debtors' counsel sent a letter requesting information and backup, Citicorp.'s counsel did not provide all the information or backup requested.  Citicorp's counsel only provided slight and incomplete information, although that small bit of information showed clearly that the claim was false when filed.  Nevertheless, Citicorp.'s counsel  remained intrenched, forcing debtors to serve discovery, which Citicorp's counsel then ignored and refused to answer, other than finally answering the requests for admissions.  To top it all off, Citicorp's counsel insists that it, Citicorp, is entitled to extensive discovery from the debtors, including the debtors' depositions!  Clearly, Citicorp's and its counsel's *modus operandi* with respect to Citicorp's false claims is to beat debtors and their counsel down by forcing them to engage in tens of thousands of dollars of litigation so that debtors and their counsel ultimately will give up and pay the false claims, or, more importantly, will not object to the claims in the first place.

**ORIGINAL COMPLAINT - Page 11**

37.     The Rojases will fairly and adequately protect the interests of all class members and in the administration of all matters relating to claims stated herein. Moreover, they are prepared and willing to obtain redress of the wrongs committed by Defendant and will adequately protect the interests of the class.

38.     To that end, the Rojases have retained capable counsel experienced in bankruptcy matters, federal consumer law and complex consumer class-action litigation.  Neither the Plaintiffs nor their counsel have any conflicts that would interfere with the vigorous prosecution of this action.

39.     The questions of law and fact common to all class members which predominate over those pertaining to individual class members only include, but are not limited to, whether Citicorp engaged and engages in the policies and practices complained of and whether such actions violate the Code and the Rules and constitute an abuse of process as alleged herein.  In addition, Citicorp, in pursuing the procedures challenged herein, has acted and refused to act on grounds generally applicable to the class as a whole.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy in that (a) the class necessarily consists of persons in unfavorable economic circumstances who are not able to pay to maintain individual actions against Defendant, (b) many class members and their counsel will not be able to recognize that Defendant's proofs of claim are fraudulent and/or false, (c) many class members and trustees will not challenge Defendant's false and fraudulent claims, even if they suspect the claims are false or fraudulent, and (d) there is no reason that the bankruptcy courts should be burdened with multiple lawsuits challenging Defendant's practices.

## VIII.  <u>REQUEST FOR RELIEF</u>

### <u>RELIEF FOR FALSE, MATERIALLY INACCURATE AND/OR MISLEADING REPRESENTATIONS OF FACT</u>

41.     Plaintiffs hereby repeat and reassert the allegations contained in the preceding paragraphs, as if fully set forth herein.

42.     Citicorp authorized, directed and caused the filing of the Proof of Claim.

43.     Citicorp authorized, directed and caused the filing of the Proof of Claim that contained false, materially inaccurate and/or misleading representations of fact.  Citicorp filed its Proof of Claim in an attempt to obtain money or property from the Debtor and/or the bankruptcy estate.  Citicorp's conduct and practices in filing the Proof of Claim created unnecessary delay and expense in the administration of this bankruptcy case.  By filing the Proof of Claim and its other actions in defense of the claim, Citicorp has acted in bad faith in the conduct of litigation before the Court in this case.  Citicorp's conduct and practices in filing the Proof of Claim are sanctionable under the Court's inherent powers and under 11 U.S.C. § 105.

44.     Plaintiffs and the class ask this Court to find Defendant in contempt pursuant to its inherent powers and 11 U.S.C. § 105(a) due to its repeated wrongful actions.  Based upon such findings, Plaintiffs seek an award of actual damages, sanctions, punitive damages, attorneys' fees and costs.

### <u>RELIEF FOR REPEATED FAILURE TO ENSURE THE ACCURACY OF PLEADINGS AND ACCOUNTS</u>

45.     Plaintiffs hereby repeat and reassert the allegations contained in the preceding paragraphs, as if fully set forth here.

**ORIGINAL COMPLAINT - Page 13**

46.     Citicorp directed and caused the filing of the Proof of Claim that contained allegations that were inaccurate and/or misleading concerning the Debtor's obligations in this case.

47.     Citicorp's conduct and practices in authorizing, directing and causing the filing of its Proof of Claim are indicative of a repeated failure to ensure the accuracy of its pleadings and accounts.  Citicorp filed the Proof of Claim in an attempt to obtain money or property from the debtor and/or the bankruptcy estate.  Citicorp's conduct and practices have created unnecessary delay and expense in the administration of this bankruptcy case.  By its conduct, Citicorp has acted in bad faith in the conduct of litigation before the Court and the rules are not up to the task of adequately sanctioning such conduct.

48.     By its conduct, Citicorp has abused the bankruptcy process and its conduct and practices are sanctionable under the Court's inherent powers and 11 U.S.C. § 105(a).

49.     Plaintiffs and the class ask this Court to find Defendant in contempt pursuant to its inherent powers and 11 U.S.C. § 105(a) due to its repeated wrongful actions.  Based upon such findings, Plaintiffs seek an award of actual damages, sanctions, punitive damages, attorneys' fees and costs.

### RELIEF FOR CONTEMPT, ABUSE OF PROCESS, AND RELIEF PURSUANT TO COURT'S INHERENT POWERS AND 11 U.S.C. § 105(a)

50.     Plaintiffs hereby repeat and reassert the allegations contained in the preceding paragraphs, as if fully set forth here.

51.     Citicorp directed and caused the filing of the Proof of Claim that contained allegations that were false, fraudulent, undocumented, inaccurate and/or misleading concerning the Debtors' obligations in this case.

**ORIGINAL COMPLAINT - Page 14**

52.     Citicorp filed the Proof of Claim in an attempt to obtain money or property from the debtor and/or the bankruptcy estate.  Such conduct, including unjustified litigation, have created unnecessary delay and expense in the administration of this bankruptcy case.  By its conduct and practices, Citicorp has acted in bad faith of such a nature that the rules are not up to the task of adequately sanctioning Citicorp for its conduct.  Citicorp's conduct and practices are sanctionable under the Court's inherent powers and under 11 U.S.C. § 105(a).

53.     Plaintiffs and the class ask this Court to find Defendant in contempt pursuant to its inherent powers and 11 U.S.C. § 105(a) due to its repeated wrongful actions.  Based upon such findings, Plaintiffs seek an award of actual damages, sanctions, punitive damages, attorneys' fees and costs.

## RELIEF FOR VIOLATION
## OF THE BANKRUPTCY CODE AND RULES

54.     Plaintiffs hereby repeat and reassert the allegations contained in the preceding paragraphs, as if fully set forth here.

55.     Citicorp's actions violate 11 U.S.C. §§ 501, 502 and Bankruptcy Rule 3001. Plaintiffs request that the Court award actual damages, punitive damages and attorneys' fees for Citicorp's violations of the Code and the Rules.

## OBJECTION TO CLAIM

56.     Plaintiffs hereby repeat and reassert the allegations contained in the preceding paragraphs, as if fully set forth here.

57.     By filing a false and misleading claim, Citicorp has failed to establish the prima facie validity of its claim.  Plaintiffs object to the claim under 11 U.S.C. § 502 and request that the Court disallow it.

## REQUEST FOR DECLARATORY RELIEF

58.     Plaintiffs hereby repeat and reassert the allegations contained in the preceding paragraphs, as if fully set forth here.

59.     As outlined in the preceding counts and the preceding factual allegations, the Defendant has violated § 501 of the Code and Bankruptcy Rule 3001.  Plaintiffs seek a declaration that Defendant's filing and litigation of false proofs of claim are *per se* an abuse of process, an abuse of the Bankruptcy Code and Rules, and that such actions violate 11 U.S.C. §§ 501, 502 and Bankruptcy Rule 3001.

## REQUEST FOR INJUNCTIVE RELIEF

60.     Plaintiffs hereby repeat and reassert the allegations contained in the preceding paragraphs, as if fully set forth here.

61.     Title 11 U.S.C. § 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code provisions, including the imposition of temporary and permanent injunctions.

62.     Unless restrained, Citicorp will, in all likelihood, continue to violate federal law by filing false and undocumented proofs of claim and continuing in unreasonable and abusive litigation with respect to such false, fraudulent, undocumented, and misleading claims.  As a result, Plaintiffs and the class seek a permanent injunction to enjoin further violations of the law by Citicorp.

## REQUEST FOR
## ACTUAL AND PUNITIVE DAMAGES

63.     Plaintiffs hereby repeat and reassert the allegations contained in the preceding paragraphs, as if fully set forth here.

64.     Through the filing of false, misleading and undocumented proofs of claim, Citicorp has inflicted actual damages upon Plaintiffs and the absent class members by collecting from them and their estate amounts not owed under the law.   Such amounts should be disgorged from Defendant and returned to the debtors from which they were wrongfully taken.

65.     Plaintiffs further seek imposition of all available damages, penalties, sanctions and punitive damages in an amount sufficient to deter Defendant from future misconduct.

<u>**REQUEST FOR ATTORNEYS' FEES**</u>

66.     Plaintiffs hereby repeat and reassert the allegations contained in the preceding paragraphs, as if fully set forth here.

67.     As outlined in the preceding counts and the preceding factual allegations, the Defendant has violated §§ 501, 502 of the Bankruptcy Code and Bankruptcy Rule 3001.

68.     Defendant's violations can be remedied by the specific Code section violated as well as under and pursuant to the Court's inherent powers and 11 U.S.C. § 105.

69.     Moreover, the Plaintiffs have been forced to retain legal counsel and have incurred reasonable and necessary attorneys' fees on their own behalf and that of the class.  Such fees are properly taxed against Citicorp by virtue of its flagrant abuse of the bankruptcy process and violation of 11 U.S.C. § 501 of the Code and Bankruptcy Rule 3001.

70.     Plaintiffs and class members are entitled to attorney's fees pursuant to 11 U.S.C. § 105, the Court's inherent contempt powers, and other sections cited herein for this action and any appeals taken in this action.

**ORIGINAL COMPLAINT - Page 17**

## IX. PRAYER

WHEREFORE, Plaintiffs request that this Court grant the following relief in favor of

Plaintiffs and the members of the class:

a)      Issuing a declaratory judgment declaring that Defendant's conduct constitutes the filing of false, fraudulent, and undocumented proofs of claim, that the filing of such proofs of claim and subsequent vexatious litigation constitute an abuse of process and an abuse of the Bankruptcy Code and Rules;

b)      Issuing a declaratory judgment declaring that Defendant's conduct violates 11 U.S.C. §§ 501 and 502 of the Bankruptcy Code, and Bankruptcy Rule 3001;

c)      Enjoining Defendant from further filing false, fraudulent, misleading and undocumented proofs of claim;

d)      Awarding Plaintiffs and class members compensatory damages, including disgorgement, restitution and attorneys' fees and costs, and/or punitive damages and sanctions, for Defendant's actions;

e)      Awarding Plaintiffs and class members pre-judgment and post-judgment interest, as well as reasonable attorneys' fees, expert witnesses' fees, disbursements, accounting, class costs and other costs of litigation;

f)      Finding the Defendant in contempt under the Court's inherent powers and 11 U.S.C. § 105 for abuse of process, abuse of the Bankruptcy Code, abuse of the federal bankruptcy-court system, and abuse of the statutorily-mandated Bankruptcy Code sections applicable, and awarding Plaintiffs and class members appropriate relief including attorneys' fees and costs, sanctions, and other such relief deemed appropriate by this Court; and

g)      Awarding such other relief as this Court may deem just and proper.

Dated: February 2, 2009.

**ORIGINAL COMPLAINT - Page 18**

Respectfully submitted,

THE KELLETT LAW FIRM,
A PROFESSIONAL CORPORATION


By:  */s/ Karen L. Kellett*
    Karen L. Kellett
    State Bar No. 11199520

Founders Square
900 Jackson Street, Suite 120
Dallas, TX 75202
(214) 292-3660 - Telephone
(214) 744-3666 - Telecopy


THE STONE LAW FIRM, P.C.


By:  */s/ Ellen C. Stone*
    Ellen C. Stone
    State Bar No. 19305000

62 E. Price Road
Brownsville, TX 78520
(956) 546-9398 - Telephone
(956) 542-1478 - Telecopy

**ORIGINAL COMPLAINT - Page 19**

Antonio Martinez, Jr.
State Bar No. 24007607
4900 North Tenth Street, Suite E-2
McAllen, TX 78504
(956) 630-2822 - Telephone
(956) 631-0742 - Telecopy

ATTORNEYS FOR PLAINTIFFS