IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 07-70058-M |
| | § | |
| ANGEL ROJAS and YANETT ROJAS | § | CHAPTER 13 |
| | § | |
| DEBTORS. | § | |
| | § | |
| ANGEL AND YANETT ROJAS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CITICORP TRUST BANK, | § | |
| fsb f/k/a TRAVELERS BANK & TRUST; | § | |
| | § | ADVERSARY NO. 09-07003 |
| Defendant | § | |

**EXPITED MOTION TO CONSOLIDATE OBJECTION TO CLAIM
INTO ADVERSARY PROCEEDING PURSUANT
TO BANKRUPTCY RULES 7042(a) AND 3007(b)**

COME NOW Angel and Yanett Rojas, Plaintiffs in the above-referenced action, and request that this Court consolidate their claim objection to Citicorp's claim, pending in the main bankruptcy case, into this Adversary Proceeding pursuant to Bankruptcy Rules 7042(a) and 3007(b), and request that the Court do so on an expedited basis, and for cause would show this Court as follows:

## FACTUAL BACKGROUND

1. The factual background of this case is set forth in the Complaint filed in this Adversary Proceeding on February 2, 2009.

2. As noted in the Complaint, the Debtors filed an objection to Citicorp's claim in their bankruptcy proceeding.[1]

3. After filing the objection, Plaintiffs obtained evidence that Citicorp's claim was false and fraudulent, and that Citicorp was abusing the claims-process procedures in federal bankruptcy court. Therefore, Plaintiffs filed this Adversary Proceeding seeking affirmative relief against Citicorp, including injunctive and declaratory relief for themselves and for a class of similarly-situated persons.

4. As set forth in the new bankruptcy rules, Plaintiffs' actions in filing the Adversary Proceeding were appropriate, and the objection pending in the main bankruptcy proceeding should be consolidated into this Adversary Proceeding.

5. Plaintiffs request that the Court consolidate these matters immediately to prevent further waste of resources and prejudice to Plaintiffs and the class.

---

[1] See Case No. 07-70058-M, Docket No. 38. A hearing on Plaintiffs' objection to claim had been set for February 19, 2009 in the main bankruptcy proceeding, and is still pending. Plaintiffs have filed a Motion to Abate in the main bankruptcy case, requesting that the court abate Debtors' objection to Citicorp's proof of claim in light of this Adversary Proceeding [Docket No. 109]. However, that motion has not been heard. Citicorp has objected to the motion.

**EXPEDITED MOTION TO CONSOLIDATE OBJECTION TO CLAIM
INTO ADVERSARY PROCEEDING PURSUANT
TO BANKRUPTCY RULES 7042(a) AND 3007(b) - Page 2**

## ARGUMENT AND AUTHORITIES

6. New Bankruptcy Rule 3007(b) states as follows:

(b) DEMAND FOR RELIEF REQUIRING AN ADVERSARY PROCEEDING.

> A party in interest shall not include a demand for relief of the kind specified in Rule 7001 in an objection to the allowance of a claim, but an objection to the allowance of a claim may be included in an adversary proceeding.

7. This Rule is new. The Advisory Committee note to the 2007 amendment states as follows:

> The rule is amended in a number of ways. First, the amendment *prohibits* a party in interest from including in a claim objection a request for relief that requires an adversary proceeding. A party in interest may, however, include an objection to the allowance of claim in an adversary proceeding.
>
> * * *
>
> If a claim objection is files [sic] separately from a related adversary proceeding, the court may consolidate the objection with the adversary proceeding under Rule 7042.

Fed R. Bankr. P. 3007(a), Advisory Committee note to 2007 amendment (emphasis added).

8. Thus, under new Bankruptcy Rule 3007(b), Plaintiffs could not have brought, and cannot try, their affirmative claims against Citicorp in the claim-objection proceeding in the main case, because the claims they assert against Citicorp require an adversary proceeding. See Bankruptcy Rules 7001(1), (7) and (9). Plaintiffs have, therefore, properly brought this adversary proceeding, and have properly included their objection to the claim as a count in the Adversary Proceeding, as set forth in Bankruptcy Rule 3007(b).

9. Moreover, as the Advisory Committee notes to the 2007 amendment explain, if there is a separate claim objection pending (as there is here), that matter can be consolidated into

the adversary proceeding pursuant to Bankruptcy Rule 7042, which incorporates Fed. R. Civ. P. 42.

  10. Fed R. Civ. P. 42(a) states as follows:

 (a) **Consolidation.** If actions before the court involve a common question of law or fact, the court may:

   (1) join for hearing or trial any or all matters at issue in the action;

   (2) consolidate the action; or

   (3) issue any other orders to avoid unnecessary cost or delay.

  11. The objection to Citicorp's claim filed in the main bankruptcy proceeding involves the exact same questions of fact and law as the objection-to-claim count in the Adversary Proceeding. In addition, and as Citicorp admits, Plaintiffs' affirmative claims against Citicorp (which can only be brought in on an adversary proceeding) may offset amounts owed on the claim. The Court should consolidate the claim objection, which is currently pending in the main bankruptcy proceeding, into this Adversary Proceeding pursuant to Bankruptcy Rule 7042. See, e.g., In re: Torralballa, 2008 Bankr. LEXIS 2098 *1-3 (Bankr. N.D. Ind. October 22, 2008) (court denied without prejudice debtor's objection to the validity of the lien of the lender that was brought forth in objection to claim, and gave debtor leave to file an appropriate adversary proceeding against the lender pursuant to Fed R. Bankr. P. 7001(2). The court noted, "in addition, Fed. R. B.R. P. 3007(b) expressly provides that a party in interest shall not include a demand for relief of the kind specified in Rule 7001 in any objection as to the allowance of the claim.")

12.     Plaintiffs request that the Court set this matter on an expedited basis because Citicorp has stated its intent to go forward on the claim-objection proceeding that is set for February 19, 2009 in the main bankruptcy case, notwithstanding the filing of this Adversary Proceeding. Continuing with that hearing would be a waste of the parties' and the Court's resources, and, importantly, would prejudice Plaintiffs' claims in this case

13.     Indeed, the point of this lawsuit is to stop Citicorp's entire abuse of the claims-processing system in bankruptcy proceedings, from the initial filing of false and undocumented claims to the abusive litigation practices designed to deter and prohibit debtors and the courts from reviewing such claims.[2]

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court, pursuant to Bankruptcy Rules 3007(b) and 7042, expedite this matter and consolidate their objection to the claim of Citicorp in the main bankruptcy proceeding [Docket No. 38], into this Adversary Proceeding.

Dated: February 11, 2009.

                              Respectfully submitted,

                              THE KELLETT LAW FIRM,
                              A PROFESSIONAL CORPORATION

---

[2]     As an example, Citicorp's reaction to the filing of this lawsuit rather proves Plaintiffs' case. As recited in the Complaint, Citicorp wholly failed to timely respond to the Debtors' interrogatories or requests for production of documents with respect to Citicorp's claim when they were due in September 2008. In addition, Citicorp's counsel never even acknowledged, much less responded to, Plaintiffs' settlement offer made last fall. However, at 9:04 p.m. on the day *after* Debtors filed this class-action lawsuit, Citicorp's counsel began flooding the Court and Debtors' counsel with pleadings, objections and responses to discovery, information, documents to "prove up" its claim, and requests for settlement and mediation. Citicorp's attempt to go forward with the claims-objection hearing and its belated provision of information, only *after* it was sued, simply highlight Citicorp's desperate attempt to avoid the light Debtors are trying to shine on Citicorp's proof-of-claim practices with this suit.

**EXPEDITED MOTION TO CONSOLIDATE OBJECTION TO CLAIM
INTO ADVERSARY PROCEEDING PURSUANT
TO BANKRUPTCY RULES 7042(a) AND 3007(b) - Page 5**

By: */s/ Karen L. Kellett*
　　Karen L. Kellett
　　State Bar No. 11199520

Founders Square
900 Jackson Street, Suite 120
Dallas, TX 75202
(214) 292-3660 - Telephone
(214) 744-3666 - Telecopy

THE STONE LAW FIRM, P.C.

By: */s/ Ellen C. Stone*
　　Ellen C. Stone
　　State Bar No. 19305000

62 E. Price Road
Brownsville, TX 78520
(956) 546-9398 - Telephone
(956) 542-1478 - Telecopy

Antonio Martinez, Jr.
State Bar No. 24007607
4900 North Tenth Street, Suite E-2
McAllen, TX 78504
(956) 630-2822 - Telephone
(956) 631-0742 - Telecopy

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

　　The undersigned certifies that she has attempted to reach Gray Burks, counsel for Citicorp, regarding this motion, but has not been able to reach him regarding this motion as of the time of the filing of it.

　　*/s/ Karen L. Kellett*
　　Karen L. Kellett

**EXPEDITED MOTION TO CONSOLIDATE OBJECTION TO CLAIM
INTO ADVERSARY PROCEEDING PURSUANT
TO BANKRUPTCY RULES 7042(a) AND 3007(b) - Page 6**

**CERTIFICATE OF SERVICE**

      I certify that on February 11, 2009, I caused the foregoing to be served on the parties listed below via first-class United States mail and any other method indicated.

                                           */s/ Karen L. Kellett*
                                           Karen L. Kellett

Citicorp Trust Bank
c/o C.T. Corporation System
350 North St. Paul
Dallas, TX  75201

**U.S. TRUSTEE:**

Charles Sterbach                        (Also via e-mail - charles.r.sterbach@usdoj.gov)
Barbara Jue                                 (Also via e-mail - barbara.c.jue@usdoj.gov)
606 N. Carancahua, Ste. 1107
Corpus Christi, TX  77476

**ATTORNEYS FOR CITICORP TRUST BANK**

H. Gray Burks, IV                    (Also via e-mail - grayb@bbwcdf.com)
Barrett, Daffin, Frappier, Turner &
   Engel, L.L.P.
1900 St. James Place, Suite 500
Houston, TX  77056

**EXPEDITED MOTION TO CONSOLIDATE OBJECTION TO CLAIM
INTO ADVERSARY PROCEEDING PURSUANT
TO BANKRUPTCY RULES 7042(a) AND 3007(b) - Page 7**