IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 07-70058-M |
| | § | |
| ANGEL ROJAS and YANETT ROJAS | § | CHAPTER 13 |
| | § | |
| DEBTORS. | § | |
| | | |
| ANGEL AND YANETT ROJAS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CITICORP TRUST BANK, | § | |
| fsb f/k/a TRAVELERS BANK & TRUST; | § | |
| | § | ADVERSARY NO. 09-07003 |
| Defendant | § | |

**PLAINTIFFS' SUPPLEMENTAL BRIEFING WITH RESPECT TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Angel and Yanett Rojas, and file this supplemental brief at the Court's request with respect to issues raised at the hearing on Citicorp's motion to dismiss.

At the hearing on the motion to dismiss, counsel for Defendant asserted that the Court could use Rule 9011 to sanction Citicorp, and, as such, it could not use its powers under 11 U.S.C. §105 to sanction Citicorp and otherwise provide relief to the class of debtors in this suit. The Court sought additional briefing on this issue.

PLAINTIFFS' SUPPLEMENTAL BRIEFING
WITH RESPECT TO DEFENDANT'S MOTION TO DISMISS- Page 1

Plaintiffs incorporate in full their response to Citi's motion to dismiss filed on April 23, 2009 (Docket No. 23), which discusses the Court's Section 105(a) powers at length. The following is a discussion of cases in the Supreme Court and the Circuit Courts of Appeal that Plaintiffs found that address the specific issue raised at the hearing.

A. **The Court can use its powers under 105, and its inherent powers, even if it can also sanction under Rule 9011.**

1. **United States Supreme Court**

The answer to the Court's question begins with *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L. Ed. 27 (1991), where the Supreme Court held that a court could use its inherent powers to sanction a litigant even if the court could use Rule 11 and other Rules to sanction as well:

> There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions. ***But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules.*** ... [I]f in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.
>
> Like the Court of Appeals, we find no abuse of discretion in resorting to the inherent power in the circumstances of this case. It is true that the District Court could have employed *Rule 11* to sanction Chambers for filing "false and frivolous pleadings," *124 F.R.D. at 138*, and that some of the other conduct might have been reached through other Rules. Much of the bad-faith conduct by Chambers, however, was beyond the reach of the Rules; his entire course of conduct throughout the lawsuit evidenced bad faith and

> an attempt to perpetrate a fraud on the court, and the conduct sanctionable under the Rules was intertwined within conduct that only the inherent power could address. In circumstances such as these in which all of a litigant's conduct is deemed sanctionable, requiring a court first to apply Rules and statutes containing sanctioning provisions to discrete occurrences before invoking inherent power to address remaining instances of sanctionable conduct would serve only to foster extensive and needless satellite litigation, which is contrary to the aim of the Rules themselves. See, *e. g.*, Advisory Committee's Notes on 1983 Amendment to *Rule 11*, *28* U. S. C. App., pp. 575-576.

*Chambers*, 501 U.S. at 49 - 51 (emphasis added).

As discussed more fully below, the actions of Citi for which Plaintiffs seek relief here are similar to the actions of the litigant and his attorney in Chambers - a myriad of obstreperous litigation tactics intended to allow Citi to file false, misleading, inflated and undocumented proofs of claim, and then have them paid by debtors, without proper review and without Citi's compliance with the rules of the bankruptcy claims processes.

Of course, Plaintiffs are not just asking this Court to rely on its inherent powers. They are also asking the Court to use its powers specifically granted by statute under 11 U.S.C. 105(a). *See* cases cited herein, cases cited in Plaintiffs' response to Citi's motion to dismiss; *In re Marrama*, 549 U.S. 365 (2007). *See also, Barry v. Sommers (In re Cochener),* 360 B.R. 542 (Bankr. S.D. Tex. 2007), *aff'd Cochener v. Barry*, 297 Fed. Appx. 382 (5th Cir. 2008) (unpublished opinion).

### 2. Seventh Circuit

The issue raised by the Court was squarely addressed by the Seventh Circuit in *In re Rimsat*, 212 F.3d 1039 (7th Cir. 2000). In *Rimsat*, the bankruptcy court used Section 105(a) and its inherent powers to sanction a party and its attorneys for

abusive litigation tactics. *Id.* at 1039 - 1043. On appeal, among other unsuccessful arguments, the sanctioned attorney, Factor, argued that because ordinary procedural rules would have been adequate to address the misconduct on his part, the bankruptcy court abused its discretion by resorting to 11 U.S.C. § 105(a) and its inherent powers. *Id.* at 1039. "Specifically, Factor [the attorney] suggests that *Bankruptcy Rule 9011* and *7026* (which largely track *Rules 11* and *26 of the Federal Rules of Civil Procedure*) would have been adequate to sanction his misconduct." *Id.*

However, rather than using Rule 9011, the bankruptcy court had opted instead to rely on its authority under 11 U.S.C. §105(a) and the inherent powers doctrine because Rules 9011 and 7026 would only allow the court to sanction Factor, as he was the only one who signed the notice of deposition. *Id.* The Seventh Circuit rejected Factor's argument, stating "[A] sanctioning court is not required to apply available statutes and procedural rules in a piecemeal fashion where only a broader source of authority is adequate to justify all the necessary sanctions." *Id. (citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991)). Indeed, "The bankruptcy court was justified in resorting to 11 U.S.C. sec. 105(a) and its inherent powers in order to ensure that all the culpable parties received an appropriate sanction and did not abuse its discretion in declining to sanction Factor under Bankruptcy Rule 9011 or 7026." *Id.*

In another case, the Seventh Circuit ruled that the bankruptcy court could sanction an attorney under both 11 U.S.C. § 105 and Rule 9011. *In re Volpert*, 110 F.3d 494 (7th Cir. 1997). In *Volpert*, the bankruptcy court sanctioned an attorney using Section 105(a) for vexatious litigation behavior that could have been sanctioned under 28 U.S.C. § 1726.

**PLAINTIFFS' SUPPLEMENTAL BRIEFING**
**WITH RESPECT TO DEFENDANT'S MOTION TO DISMISS- Page 4**

The Seventh Circuit noted:

> We agree ... that the bankruptcy court had authority under § 105 to sanction Mr. Ellis' conduct in this case. Section 105 grants broad powers to bankruptcy courts to implement the provisions of Title 11 and to prevent an abuse of the bankruptcy process. The broad power to "issue any order ... appropriate to carry out the provisions" of Title 11 and "to prevent an abuse of process" certainly encompasses the power to issue an order to sanction an attorney who, in the words of 28 U.S.C. § 1927, "multiplies the proceedings ...unreasonably and vexatiously." We therefore hold that under 11 U.S.C. § 105(a) bankruptcy courts may punish an attorney who unreasonably and vexatiously multiplies the proceedings before them.

*Id.* at 500 (*citing Caldwell v. Unified Capital Corp. (In re Rainbow Magazine)*, 77 F.3d 278, 283-84 (9th Cir. 1996); *Jones v. Bank of Santa Fe (In re Courtesy Inns Ltd., Inc.)*, 40 F.3d 1084, 1089 (10th Cir. 1996)). The Seventh Circuit found that some of the attorney's conduct was *also* sanctionable under Rule 9011. *Id.* at 502.

In *Volpert*, the Seventh Circuit also relied on the Eighth Circuit, which stated:

> We believe that to not allow a bankruptcy court to impose attorney's fees as sanctions against those who willfully abuse the judicial process would ignore the realities of present-day litigation and the relationship between the court systems.... the Court concludes that sanctions such as those imposed in this matter are necessary in order to protect the integrity of the Bankruptcy Code as well as the judicial process.

*Id.* (*citing Brown v. Mitchell (In re Arkansas Communities, Inc.)*, 827 F.2d 1219, 1221-22 (8th Cir. 1987)).

### 3. **Third Circuit**

The Third Circuit has held that the bankruptcy court has the authority to impose sanctions under 28 U.S.C. 1927. *In re Schaffer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3rd Cir. 2008): The Court further stated:

> We will remand for a determination as to whether sanctions should be imposed against Khoudary [the vice president and counsel of the company] under *§ 1927* and/or against SSR [the company] and Khoudary under one or more of the Rules we have discussed [Rule 11 and Rule 9011] or, perhaps, under *§ 105*.

*Id.*

### 4. Eighth Circuit

The Eight Circuit upheld a bankruptcy court's sanction that it imposed by exercising its authority under section 105(a) of the Bankruptcy Code, under 28 U.S.C. § 1927, implicitly pursuant to Rule 9011, *and* by its inherent authority. *In re Clark*, 223 F. 3d 859, 864 (8th Cir. 2000):

> Although we have questioned whether a bankruptcy court has the power to award sanctions under *section 1927*, *see Brown v. Mitchell (In re Arkansas Communities, Inc.),827 F.2d 1219, 1221 (8th Cir. 1987)*, we conclude that the court had ample alternative authority to sanction Walton. *Section 105* gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel. *See In re Volpert, 110 F.3d 494, 500 (7th Cir. 1997)*; *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284 (9th Cir. 1996)*. This provision has been interpreted as supporting the inherent authority of the bankruptcy courts to impose civil sanctions for abuses of the bankruptcy process. *See Jones v. Bank of Santa Fe (In re Courtesy Inns Ltd., Inc.), 40 F.3d 1084, 1089 (10th Cir. 1994)*. Finally, a "bankruptcy court has jurisdiction under *Bankruptcy Rule 9011* to assess attorney's fees as sanctions against attorneys who fail to comply with the rule." *In re Arkansas Communities, 827 F.2d at 1222*.

*Clark*, 223 F.3d at 864.

### 5. Fifth Circuit

Finally, one cannot ignore the plain language of the Fifth Circuit in *Campbell*, which was itself a proof-of-claim case, and which cites concisely to both 11 U.S.C. § 105 *and* Fed. R. Bankr. P. 9011 for the court's authority to impose sanctions against parties who abuse

the procedural mechanisms of the bankruptcy court and the Code:

> Our discussion is limited to whether Countrywide's conduct in this case constitutes a violation of the automatic stay under Section 362.  *Of course*, the bankruptcy court has other mechanisms *to impose sanctions* on parties who may attempt to abuse the procedural mechanisms within the bankruptcy court.  **See 11 U.S.C. § 105; Fed. R. Bankr. P. 9011**.

*Campbell v. Countrywide Home Loans, Inc.*, 545 F. 3d 348, 356, n. 1 (5th Cir. 2008) (emphasis added).  *See also, In re Marrama*, 549 U.S. 365 (2007).

      **B.**    **Rule 9011 either provides no remedy against Citi or an inadequate one**.

In any event, the question posed by the Court starts with what is really a false premise proposed by Citi, i.e., that Rule 9011 could be used effectively as a vehicle to sanction Citi and provide other relief requested in this case.  However, as noted in Plaintiffs' response to Citi's motion to dismiss, it does not appear that Rule 9011 is even available as a vehicle by which to sanction Citi, or, if it is, it would not be a very effective vehicle.

First, 9011 applies to an attorney or an unrepresented party.  *See* Fed. R. Civ. P. 9011. Dianne Whatley, Citi's "Bankruptcy Manager" who signed the proof of claim in this case, is not an attorney, at least to Plaintiffs' counsel's knowledge.  Also, Citi was not unrepresented - its counsel was Barrett, Daffin in connection with the issues that arose with respect to the proof of claim.

Second, Rule 9011 is geared more to litigants who file a particular pleading in bad faith in a particular case in such a manner that the other side knows that the pleading violates Rule 9011. The procedural mechanisms within 9011 make it an insufficient redress for the behaviors for which Plaintiffs sue.  Indeed, to obtain sanctions under 9011, the opposing party must draft the motion for sanctions and serve it on the offending party.  The complaining party cannot even

file such motion with the Court:

> unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed. R. Bankr. P. 9011(c)(1)(A).

It would be difficult, if not impossible, for debtors' attorneys to draft motions for sanctions pointing out defects in claims when the information and documentation for such claims is so scarce and misleading that no one can tell whether the claims are correct or not. Indeed, Citi's policy is to **not** provide evidence of amounts it claims in its proofs of claim either at the time of the filing of the claim or thereafter.

Moreover, debtors' attorneys should not be forced to draft a Rule 9011 sanctions motion for every mortgage claim simply to force the mortgage lenders to do what they are supposed to do in the first place - file valid, supported claims. *In re Prevo,* 394 B.R. 847, 848 (Bankr. S.D. Tex. 2008).

Finally, Rule 9011 does not provide adequate redress for the litany of discovery abuses and tactics engaged in by Citi after it filed its claim, i.e., its repeated refusal to provide required documentation despite numerous informal requests, a claim objection, a written request and formal written discovery.1

Section 105(a) and the Court's inherent authority are the only viable mechanisms available for the Court to redress the panoply of abusive behaviors Citi engages in connection

---

[1] Rule 7026 and 28 U.S.C. § 1927 would be available to sanction Barrett, Daffin for its actions, but Barrett, Daffin is not a defendant in this case. Of course, as shown in this brief, even if Rule 7026 and 28 U.S.C. §1927 were available to sanction Barrett, Daffin, the Court could still use its Section 105(a) powers and inherent powers to redress abuses by Barrett, Daffin.

with its proofs of claim in bankruptcy. In any event, as noted above, the case law provides that even if the Court could sanction Citi under Rule 9011, or even 28 U.S.C. § 1927, it can also use its Section 105(a) powers and inherent powers as well to sanction and otherwise correct Citi's abuses of the bankruptcy processes.

WHEREFORE, Plaintiffs request that the Court deny Citicorp's motion to dismiss, grant Plaintiffs permission to amend the Complaint if and to the extent necessary, and grant them such other and further relief as to which they may be entitled.

Dated: June 8, 2009

          Respectfully submitted,

          THE KELLETT LAW FIRM,
          A PROFESSIONAL CORPORATION


          By: */s/ Karen L. Kellett*
             Karen L. Kellett
             State Bar No. 11199520

          Founders Square
          900 Jackson Street, Suite 120
          Dallas, TX 75202
          (214) 292-3660 - Telephone
          (214) 744-3666 - Telecopy


          THE STONE LAW FIRM, P.C.


          By: */s/ Ellen C. Stone*
             Ellen C. Stone
             State Bar No. 19305000

          62 E. Price Road
          Brownsville, TX 78520
          (956) 546-9398 - Telephone
          (956) 542-1478 - Telecopy

Antonio Martinez, Jr.
State Bar No. 24007607
4900 North Tenth Street, Suite E-2
McAllen, TX 78504
(956) 630-2822 - Telephone
(956) 631-0742 - Telecopy

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on June 8, 2009, I caused the foregoing to be served on the parties listed below via e-mail.

    */s/ Karen L. Kellett*
Karen L. Kellett

**U.S. TRUSTEE:**

Charles Sterbach
Barbara Jue
606 N. Carancahua, Ste. 1107
Corpus Christi, TX  77476

**ATTORNEYS FOR CITICORP TRUST BANK**

Edwin R. DeYoung
Roger Cowie
Elizabeth Freeman
Lock Lord Bissell & Liddelll LLP
2200 Ross Ave.,Suite 2200
Dallas, TX 75201