IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANGEL ROJAS and YANETT ROJAS, | § | CASE NO. 07-70058-M |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |
| ANGEL AND YANETT ROJAS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Adv. Proc. No. 09-07003 |
| | § | |
| CITICORP TRUST BANK, fsb f/k/a | § | |
| TRAVELERS BANK & TRUST, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ANSWER OF CITICORP TRUST BANK TO ORIGINAL COMPLAINT**

Defendant Citicorp Trust Bank fsb f/k/a Travelers Bank & Trust ("CTB"), in response to the *Original Complaint* [Dkt. 1] filed on February 2, 2009 (the "Complaint") by Angel and Yanett Rojas ("Plaintiffs"), hereby files this *Answer of Citicorp Trust Bank to Original Complaint* (the "Answer") and would show the Court the following:[1]

# I.    ANSWER

### "I.    Preliminary Statement"

1.      CTB denies the allegations contained in Paragraph 1 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

2.      CTB denies the allegations contained in Paragraph 2 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

---

[1] CTB denies that it has engaged in a pattern and practice of violating the provisions of the United States Bankruptcy Code.  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

3.      CTB denies the allegations contained in Paragraph 3 of the Complaint.

4.      CTB denies the allegations contained in Paragraph 4 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

## "II.    Jurisdiction and Venue"

5.      The allegations contained in the first sentence of Paragraph 5 of the Complaint state legal conclusions and do not require a response. To the extent that a response is required, CTB denies the allegations and, among other things, specifically does not consent to this Court's entering final orders on non-core matters.  Regarding the allegations in the second sentence of Paragraph 5 of the Complaint, CTB admits that Plaintiffs assert certain causes of action against CTB in this adversary proceeding styled *In re Angel Rojas and Yanett Rojas*, Case No. 07-70058-M (the "Lawsuit") in this Court, but CTB denies these allegations and further denies that Plaintiffs have sufficiently alleged an entitlement to the remedies they seek in connection with these allegations.

6.      The allegations contained in the first sentence of Paragraph 6 of the Complaint state legal conclusions and do not require a response. To the extent that a response is required, CTB denies the allegations.  Furthermore, with respect to the putative class allegations, CTB specifically denies that venue is proper for the putative class members. CTB admits the allegations contained in the second sentence of Paragraph 6 of the Complaint.

7.      The allegations contained in Paragraph 7 of the Complaint state legal conclusions and do not require a response. To the extent that a response is required, CTB denies the allegations. CTB specifically denies that class certification is appropriate in this Lawsuit.

## "III.  Parties"

8.      CTB admits the allegations contained in Paragraph 8 of the Complaint.

9.      CTB admits, on information and belief, the allegations contained in Paragraph 9 of the Complaint.

2

## "IV.   Nature of the Action"

10.     The allegations contained in Paragraph 10 of the Complaint state legal conclusions and do not require a response.  To the extent that a response is required, CTB denies the allegations.

11.     CTB denies the allegations in Paragraph 11 of the Complaint.

12.     CTB denies the allegations in Paragraph 12 of the Complaint.

13.     CTB denies the allegations in Paragraph 13 of the Complaint as they pertain to CTB. CTB does not have sufficient knowledge to admit or deny allegations about the practices of other members of the mortgage industry.

14.     The allegations contained in Paragraph 14 of the Complaint state legal conclusions and do not require a response.  To the extent that a response is required, CTB denies the allegations.

15.     CTB denies the allegations in Paragraph 15 of the Complaint and, further, specifically denies all allegations regarding its conduct and that Plaintiffs have sufficiently alleged an entitlement to the remedies they seek. CTB also specifically denies that class certification is appropriate in this Lawsuit.

## "V.     Summary of the Claims & Class Action Allegations"

16.     With respect to the allegations contained in Paragraph 16 of the Complaint, CTB admits solely that it is a mortgage lender and that it has been a creditor in some consumer bankruptcy proceedings throughout the United States. CTB denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     CTB denies the allegations in Paragraph 17 of the Complaint.

18.     CTB denies the allegations in Paragraph 18 of the Complaint.

19.     CTB denies the allegations in Paragraph 19 of the Complaint.

20.     CTB denies the allegations in Paragraph 20 of the Complaint.

21.     The allegations contained in Paragraph 21 of the Complaint state legal conclusions and do not require a response.  To the extent that a response is required, CTB denies the allegations.

22.     CTB denies the allegations in Paragraph 22 of the Complaint to the extent that Plaintiffs allege that CTB engages in the described pattern and practice.  CTB does not have sufficient knowledge to admit or deny allegations about the practices of other members of the mortgage industry.

**"VI.   Specific Allegations as to Plaintiffs Angel and Yanett Rojas"**

23.     CTB admits the allegations in Paragraph 23 of the Complaint.

24.     CTB admits the allegations in Paragraph 24 of the Complaint.

25.     With respect to Paragraph 25 of the Complaint, CTB admits that it filed a proof of claim.  CTB further states that its proof of claim speaks for itself regarding the information contained therein.

26.     CTB denies the allegations in Paragraph 26 of the Complaint.

27.     With respect to the allegations in Paragraph 27 of the Complaint, CTB admits solely that counsel for the Debtor filed an objection to CTB's proof of claim and Barret Burke, on behalf of CTB, filed a response.  CTB denies all other allegations of Paragraph 27 of the Complaint.

28.     With respect to the allegations contained in Paragraph 28 of the Complaint, CTB admits solely that counsel for CTB received Exhibit B and that Sophia Manning sent some e-mails contained in Exhibit C.  CTB denies all other allegations in Paragraph 28 of the Complaint.

29.     With respect to the allegations contained in Paragraph 29 of the Complaint, CTB admits that Plaintiffs agreed to the amount owed as reflected in its claim.  CTB denies all other allegations in Paragraph 29 of the Complaint.

30.     With respect to the allegations contained in Paragraph 30 of the Complaint, CTB admits that it received discovery from the Debtor.

4

31.     With respect to the allegations in Paragraph 31 of the Complaint, CTB admits solely that its counsel served Defendant's Response to Debtor's Requests for Admissions attached as Exhibit D to the Complaint.  CTB further states that Defendant's Response to Debtor's Requests for Admissions speaks for itself.  CTB denies all other allegations in Paragraph 31 of the Complaint, including the allegations in Footnote 1.

32.     With respect to the allegations in Paragraph 32 of the Complaint, CTB admits solely that its counsel served Defendant's Response to Debtor's Requests for Admissions attached as Exhibit D to the Complaint.  CTB further states that Defendant's Response to Debtor's Requests for Admissions speaks for itself.  CTB denies all other allegations in Paragraph 32 of the Complaint, including the allegations in Footnote 2.

**"VII.   <u>Class Action Allegations</u>"**

33.     CTB denies the allegations contained in Paragraph 33 of the Complaint and further specifically denies that Plaintiffs have sufficiently alleged an entitlement to the relief sought in this Lawsuit or that class certification is appropriate in this Lawsuit.

34.     With respect to the allegations in Paragraph 34 of the Complaint, CTB states that the Complaint speaks for itself as to what Plaintiffs allege, and CTB further specifically denies that Plaintiffs have sufficiently alleged an entitlement to the relief sought in this Lawsuit or that class certification is appropriate in this Lawsuit.

35.     CTB denies the allegations in Paragraph 35 of the Complaint and further specifically denies that Plaintiffs have sufficiently alleged an entitlement to the relief sought in this Lawsuit or that class certification is appropriate in this Lawsuit.

36.     CTB denies the allegations in Paragraph 36 of the Complaint and further specifically denies that Plaintiffs have sufficiently alleged an entitlement to the relief sought in this Lawsuit or that class certification is appropriate in this Lawsuit.

HOU:0100183/00017:1413166v3

37.     CTB denies the allegations in Paragraph 37 of the Complaint and further specifically denies that Plaintiffs have sufficiently alleged an entitlement to the relief sought in this Lawsuit or that class certification is appropriate in this Lawsuit.

38.     CTB lacks sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint and therefore denies the allegations in Paragraph 38 of the Complaint.

39.     CTB denies the allegations in Paragraph 39 of the Complaint and further specifically denies that Plaintiffs have sufficiently alleged an entitlement to the relief sought in this Lawsuit or that class certification is appropriate in this Lawsuit.

40.     CTB denies the allegations in Paragraph 40 of the Complaint and further specifically denies that Plaintiffs have sufficiently alleged an entitlement to the relief sought in this Lawsuit or that class certification is appropriate in this Lawsuit.

**"VIII. Request for Relief"**

**"Relief for False, Materially
Inaccurate and/or
Misleading Representations of Fact"**

41.     With respect to the allegations in Paragraph 42 of the Complaint, CTB incorporates by reference its responses in the preceding paragraphs of this Answer.

42.     With respect to the allegations in Paragraph 42 of the Complaint, CTB admits solely that its counsel filed CTB's proof of claim.

43.     CTB denies the allegations contained in Paragraph 43 of the Complaint.

44.     CTB denies the allegations contained in Paragraph 44 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

HOU:0100183/00017:1413166v3

### "Relief for Repeated Failure to Ensure
### the Accuracy of Pleadings and Accounts"

45.     With respect to the allegations in Paragraph 45 of the Complaint, CTB incorporates by reference its responses in the preceding paragraphs of this Answer.

46.     With respect to the allegations in Paragraph 46 of the Complaint, CTB admits solely that its counsel filed CTB's proof of claim.  CTB denies all other allegations in Paragraph 46 of the Complaint.

47.     CTB denies the allegations contained in Paragraph 47 of the Complaint.

48.     CTB denies the allegations contained in Paragraph 48 of the Complaint.

49.     CTB denies the allegations contained in Paragraph 49 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

### "Relief for Contempt, Abuse of Process, and Relief
### Pursuant to Court's Inherent Powers and 11 U.S.C. §105(a)"

50.     CTB denies the allegations contained in Paragraph 50 of the Complaint and would further state that the Complaint speaks for itself.

51.     With respect to the allegations in Paragraph 51 of the Complaint, CTB admits solely that its counsel filed CTB's proof of claim.  CTB denies all other allegations in Paragraph 51 of the Complaint.

52.     CTB denies the allegations contained in Paragraph 52 of the Complaint.

53.     CTB denies the allegations contained in Paragraph 53 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

### "Relief for Violation
### of the Bankruptcy Code and Rules"

54.     With respect to the allegations in Paragraph 54 of the Complaint, CTB incorporates by reference its responses in the preceding paragraphs of this Answer.

55.     CTB denies the allegations contained in Paragraph 55 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

### **"Objection to Claim"**

56.     With respect to the allegations in Paragraph 56 of the Complaint, CTB incorporates by reference its responses in the preceding paragraphs of this Answer.

57.     CTB denies the allegations contained in Paragraph 57 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

### **"Request for Declaratory Relief"**

58.     With respect to the allegations in Paragraph 58 of the Complaint, CTB incorporates by reference its responses in the preceding paragraphs of this Answer.

59.     CTB denies the allegations contained in Paragraph 59 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

### **"Request for Injunctive Relief"**

60.     With respect to the allegations in Paragraph 60 of the Complaint, CTB incorporates by reference its responses in the preceding paragraphs of this Answer.

61.     The allegations contained in Paragraph 61 of the Complaint state legal conclusions and do not require a response.  To the extent that a response is required, CTB denies the allegations.

62.     CTB denies the allegations contained in Paragraph 62 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

### **"Request for<br>Actual and Punitive Damages"**

63.     With respect to the allegations in Paragraph 63 of the Complaint, CTB incorporates by reference its responses in the preceding paragraphs of this Answer.

64.     CTB denies the allegations contained in Paragraph 64 of the Complaint.

HOU:0100183/00017:1413166v3

65.     CTB denies the allegations contained in Paragraph 65 of the Complaint and would further state that the Complaint speaks for itself as to what Plaintiffs allege.

## "Request for Attorneys' Fees"

66.     With respect to the allegations in Paragraph 66 of the Complaint, CTB incorporates by reference its responses in the preceding paragraphs of this Answer.

67.     CTB denies the allegations contained in Paragraph 67 of the Complaint.

68.     CTB denies the allegations contained in Paragraph 68 of the Complaint and specifically denies that it has violated any Code sections.

69.     CTB denies the allegations contained in Paragraph 69 of the Complaint.

70.     CTB denies the allegations contained in Paragraph 70 of the Complaint.

## "IX. Prayer"

71.     With respect to the allegations immediately following the unnumbered Paragraph of the Complaint with the title "Prayer", CTB denies that Plaintiffs are entitled to any of the relief requested and specifically denies that class certification is appropriate in this Lawsuit.

72.     CTB also hereby denies each and every allegation of the Complaint not otherwise admitted to be true herein.

# II.     DEFENSES

73.     Answering further, CTB avers the following as defenses to the allegations and claims for relief asserted in the Complaint (and without admission as to who bears the burden of proof on any matter):

74.     First Defense. The Complaint, and each allegation contained in it, fails to state a claim upon which relief may be granted.

75.     Second Defense. This Court lacks subject matter jurisdiction over some or all of the claims, including those claims alleged on behalf of the putative class.

76.     Third Defense. This Court lacks power and/or jurisdiction to enter some or all of the relief that Plaintiffs seek.

77.     Fourth Defense. This Court lacks personal jurisdiction over some or all of the members of the putative class.

78.     Fifth Defense. Venue in this Court is improper for some or all of the claims alleged in this Complaint, including without limitation on behalf of the putative class.

79.     Sixth Defense. Some or all of the claims alleged on behalf of Plaintiffs, and/or the putative class are barred or limited by principles of *res judicata*, collateral estoppel, judicial estoppel, equitable estoppel, release, claim preclusion, judgment, waiver, or similar concepts.

80.     Seventh Defense. Some or all of the claims alleged on behalf of Plaintiffs and/or the putative class are barred or limited by the failure of Plaintiffs and/or putative class members to timely raise them in this Lawsuit, their respective bankruptcy cases, and/or certain other proceedings.

81.     Eighth Defense. This Court should abstain from exercising the subject matter jurisdiction it may have over some or all of the claims in this Lawsuit.

82.     Ninth Defense. Some or all of the claims in this Lawsuit are barred by the statute of limitations or laches.

83.     Tenth Defense. Plaintiffs' (and the putative class members') claims for injunctive relief are barred or limited by the doctrine of unclean hands and because entry of injunctive relief would be inequitable.

84.     Eleventh Defense. This Lawsuit is not appropriate for certification as a class action, and all class allegations and class claims should be dismissed.

85.     Twelfth Defense. This Court lacks jurisdiction and power to enter any relief for the members of the putative class whose rights are already subject to past or pending bankruptcy cases

in other jurisdictions or before other judges in this district. Among other limitations, this Lawsuit seeks to enforce—by contempt and damages—stay, confirmation and discharge orders entered by other courts, and only the court that issued those orders can enforce them and/or award relief for alleged violations.

86.   <u>Thirteenth Defense</u>. Some or all of the claims of some or all of the members of the putative class are barred because their bankruptcy cases are closed and, pursuant to 11 U.S.C. § 350, may be pursued only if the case is reopened, and then only the home bankruptcy court handling each particular class member's bankruptcy case can reopen that class member's bankruptcy case and entertain claims of the type that are being made in this Lawsuit.

87.   <u>Fourteenth Defense</u>. This Court should abstain from exercising any jurisdiction and power it may have to enter any relief for the members of the putative class on the grounds of comity, equity, and justice, in light of the fact that the rights, if any, of the putative class members are already subject to past or pending bankruptcy cases in other jurisdictions, or their rights are governed by widely varying local bankruptcy rules, practices, and procedures.

88.   <u>Fifteenth Defense</u>. The class allegations and claims should be dismissed on the grounds that they are an impermissible collateral attack on orders entered in past or pending bankruptcy cases in other jurisdictions.

89.   <u>Sixteenth Defense</u>. Plaintiffs and/or putative class members lack standing to bring some or all of the claims in this Lawsuit.

90.   <u>Seventeenth Defense</u>. Plaintiffs and/or putative class members lack standing to pursue their claims for injunctive relief because there is no risk of future injury.

91.   <u>Eighteenth Defense</u>. Plaintiffs and/or putative class members lack standing to bring some or all of the claims in this Lawsuit because the claims, if any, are property of their respective bankruptcy estates.

11

92.     <u>Nineteenth Defense</u>. Plaintiffs lack standing to assert (either individually or on behalf of a class) claims relating to charges or assessments which were not of the type assessed against them, or charges assessed or collected post-petition or outside of bankruptcy.

93.     <u>Twentieth Defense</u>. The Court cannot issue the relief requested because it would constitute at most an advisory ruling not binding on other courts, and, therefore, would violate the case or controversy requirements of Article III of the United States Constitution.

94.     <u>Twenty-First Defense</u>. Any amounts recoverable by Plaintiffs or the putative class should be offset by amounts owed by Plaintiffs and/or the putative class members to CTB.

95.     <u>Twenty-Second Defense</u>. Plaintiffs' claims and/or those of the putative class are barred, in whole or in part, by their binding, voluntary agreement to the terms and conditions of the loans and/or documents at issue.

96.     <u>Twenty-Third Defense</u>. Some or all of the claims on behalf of Plaintiffs and/or the putative class are barred or limited under 11 U.S.C. § 1322 in that Plaintiffs' claims, if granted, would impermissibly modify the rights of CTB under its mortgage/security interest in the real property of Plaintiffs and the putative class members.

97.     <u>Twenty-Fourth Defense</u>. Some or all of the claims on behalf of Plaintiffs and/or the putative class are barred, in whole or in part, by their binding, voluntary agreement to the terms and conditions of their Chapter 13 bankruptcy plans.

98.     <u>Twenty-Fifth Defense</u>. Some or all of the claims on behalf of Plaintiffs and/or the putative class members are barred, in whole or in part, by their voluntary payment of monies which are the subject of this Lawsuit.

99.     <u>Twenty-Sixth Defense</u>. Some of the claims on behalf of Plaintiffs and/or the putative class may be subject to binding pre-dispute conciliation or arbitration contracts.

HOU:0100183/00017:1413166v3

100.    Twenty-Seventh Defense. This Court should abstain from ruling on Plaintiffs' claims and the claims made on behalf of the putative class members pursuant to 28 U.S.C. § 1334(c).

101.    Twenty-Eighth Defense. The putative class members' claims are barred or limited because and to the extent that their Chapter 13 bankruptcy trustee, co-debtors who filed a joint or separate case, or co-debtors who did not file a case, are necessary and indispensable parties.

102.    Twenty-Ninth Defense. The claims of Plaintiffs and some or all members of putative class are barred to the extent they have failed to join parties that are indispensable to relief, including loan investors and subsequent loan servicers.

103.    Thirtieth Defense. The putative class members' claims outside the Southern District of Texas are barred because the claims made on behalf of the putative class members directly relate to the claims adjudication process in their particular bankruptcy cases and, therefore, only the home court of the bankruptcy case of that particular class member can adjudicate the claims made in this Lawsuit under the Bankruptcy Code and/or administer the property.

104.    Thirty-First Defense. The claims of Plaintiffs and/or the putative class members are barred or limited by 11 U.S.C. § 1327.

105.    Thirty-Second Defense. Plaintiffs' and/or the putative class members' claims for punitive damages are barred or limited in so far as they violate the United States Constitution and other applicable concepts of law.

106.    Thirty-Third Defense. The claims, including claims for punitive damages, are barred or limited by FRBP 9029.

107.    Thirty-Fourth Defense. Plaintiffs' and/or the putative class members' claims are inappropriately brought as an adversary proceeding, in whole or in part, when, in fact, they may only be brought—if at all—through motions for contempt and/or to enforce the stay in the individual bankruptcy cases of Plaintiffs and/or the putative class members. Special procedures applicable to

13

contempt proceedings and/or sanctions, including the right to individualized hearings, bar or limit the relief requested here.

108.   <u>Thirty-Fifth Defense</u>. This bankruptcy court has no jurisdiction to adjudicate the absentee debtors' claims in this action because those debtors' cases have not been referred to this Court pursuant to 28 U.S.C. § 157.

109.   <u>Thirty-Sixth Defense</u>. Plaintiffs' claims are barred because there is no private right of action under 11 U.S.C. §§ 105, 506, 524, 1322, 1326, 1327, 1328, or Bankruptcy Rule 2016.

110.   <u>Thirty-Seventh Defense</u>. With respect to absent putative class members, CTB reserves all defenses and claims, including but not limited to the defenses of lack of personal jurisdiction and/or that their claims may be barred by the principles of *res judicata*, collateral estoppel, judicial estoppel, equitable estoppel, claim preclusion, judgment, or similar concepts.

111.   <u>Thirty-Eighth Defense.</u> All or some of Rojas' and/or the putative class members' claims are barred by the homestead exemption.

112.   <u>Thirty-Ninth Defense.</u> Plaintiffs' claims (as well as certain of the claims of the putative class members) are barred by their prior material breach(es) of contract.

113.   <u>Fortieth Defense.</u> Plaintiffs' claims on behalf of the putative class are barred, in whole or in part, by the Due Process clause of the United States Constitution.

114.   <u>Forty-First Defense.</u> CTB hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this Lawsuit, including but not limited to the defenses as to particular class members that have not yet appeared in this Lawsuit.

115.   <u>Forty-Second Defense</u>. Neither Plaintiffs nor the putative class members may recover pre-judgment interest and costs of suit in this Lawsuit. Equity weighs in CTB's favor in this matter and against an award to Plaintiffs and/or the putative class members (if any) of pre-judgment interest and costs.

14

## III.    RESERVATION OF ALL RIGHTS AND COUNTERCLAIMS

116.    Pursuant to FRBP 7013, CTB does not have to state as a counterclaim any claim or claims it had against Plaintiffs, the putative class members (if any), any trustee in their bankruptcy cases, their property or their bankruptcy estate(s) that arose prior to the entry of the orders for relief in any bankruptcy cases somehow affected by or otherwise involved in any way with this Lawsuit. CTB does not waive any right, claim, assertion, or counterclaim it may have against any party (including without limitation Plaintiffs, the putative class members, their trustees or otherwise).

117.    CTB reserves the right in all respects to further amend, modify, supplement, alter or withdraw all or any part of this Answer, (including without limitation to modify and/or assert additional defenses or claims it may have), at any time, at its discretion.

HOU:0100183/00017:1413166v3

## V.    **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, CTB prays as follows:

1.    That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2.    That CTB be awarded its costs and disbursements herein, and reasonable attorneys' fees, to be taxed or awarded as provided by law; and

3.    That CTB be granted all other and further relief to which it may be entitled at law or equity.

Respectfully submitted,

Dated:  August 24, 2009.

/s/ Elizabeth Freeman
Edwin R. DeYoung
State Bar No. 05673000
Federal I.D. No. 18828
Roger Cowie
State Bar No. 00783886
Federal I.D. No 18886
Locke Lord Bissell & Liddell LLP
2200 Ross Ave., Suite 2200
Dallas, TX 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

Elizabeth Freeman
State Bar No. 24009222
Federal I.D. No. 25464
Jesus Garcia, Jr.
State Bar No. 24027389
Federal I.D. No. 30623
3400 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002-3095
(713) 226-1391 (Telephone)
(713) 223-3717 (Facsimile)

ATTORNEYS FOR DEFENDANT CITICORP TRUST BANK, fsb,
f/k/a Travelers Bank & Trust

HOU:0100183/00017:1413166v3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document is being filed electronically via ECF August 24, 2009. As such, notice of electronic filing is being served on all parties who are registered for electronic filing in this District.

/s/ Elizabeth Freeman
Elizabeth Freeman

17