**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 07-70058-M** |
| | § | |
| **ANGEL ROJAS and YANETT ROJAS** | § | **CHAPTER 13** |
| | § | |
| **DEBTORS.** | § | |
| | § | |
| **ANGEL AND YANETT ROJAS** | § | |
| | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITICORP TRUST BANK,** | § | |
| **fsb f/k/a TRAVELERS BANK & TRUST;** | § | **ADVERSARY NO. 09-07003** |
| | § | |
| **Defendant** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFFS' CORRECTED MOTION FOR CLASS CERTIFICATION AND**
**MEMORANDUM IN SUPPORT THEREOF**

TO THE HONORABLE BANKRUPTCY JUDGE ISGUR:

COME NOW Plaintiffs and file this corrected1 motion for class certification and

memorandum in support thereof, and as  grounds, Plaintiffs state as follows:

**PROCEDURAL BACKGROUND**

Plaintiffs filed this case on February 2, 2009.  Docket No. 1.

---

[1]  Plaintiffs file this corrected motion as Plaintiffs inadvertently filed only a portion of their entire
motion and brief in support of class certification last night, March 30, 2010..

Plaintiffs' case was filed against CitiCorp Trust Bank, fsb f/k/a Travelers Bank & Trust.  However, as set forth in Plaintiffs' complaint, and in their response to Defendant's motion to dismiss, numerous Citibank entities engage in the practices alleged in the complaint: namely, (1) filing false, inaccurate, misleading and undocumented proofs of claim, and (2) rather than providing documents that back up its claim when asked (or attaching them to the claim to begin with, as required by the Code and Rules), litigating with the debtors' attorneys until the end of the earth until the debtor's counsel ultimately gives up any challenge to the proof of claim.  See, eg., Complaint, Docket No. 1 and Response to Motion to Dismiss, Docket No. 23, pp. 8 -12.

Defendant CitiCorp Trust Bank filed a motion to dismiss on March 13, 2009.  Docket No. 15.  Plaintiffs filed a response, Docket No. 23, and CitiCorp Trust Bank filed a reply.  Docket No. 24.  On May 18, 2009, the court held a hearing on CitiCorp Trust Bank's motion to dismiss, and requested additional briefing, asking the parties to focus primarily on circuit court opinions.

Plaintiffs' filed their supplemental briefing on June 8, 2009, Docket No. 33, and Citicorp filed a one-sentence response stating "CTB has discovered no additional case authority directly addressing the question."  Docket  No. 32.

The Court entered the parties' agreed scheduling order on July 24, 2009. Docket No. 36.

On August 12, 2009, the Court entered an order denying Citicorp's motion to dismiss and wrote an opinion on same.  Docket Nos. 38 and 39.  *See Rojas v. CitiCorp Trust Bank FSB; fka Travelers Bank & Trust (In re Rojas)*, 2009 WL 2496807 (Bankr. S.D. Tex. August 12, 2009)(slip opinion).

On August 24, 2009, Defendant CitiCorp filed a motion for leave to appeal, seeking leave

of the District Court to file an interlocutory appeal of the Court's order denying its motion to dismiss.

On September 17, 2009, Plaintiffs filed a response objecting to Defendant's request for an interlocutory, appeal.  See Docket No. 47.

Around the time CitiCorp. Trust Bank was filing its request for an interlocutory appeal, the parties entered into an informal stay of discovery, anticipating that the district court would rule on CitiCorp Trust Bank's motion expeditiously.

By January, the District Court still had not ruled on Citi's motion for leave to seek an interlocutory appeal.  As such, the parties jointly sought a formal stay pending appeal, or alternatively a scheduling conference to extend discovery deadlines, by their Joint Motion filed January 26, 2010.  Docket No. 51.

On March 2, 2010, the Court denied the joint motion.

Plaintiffs subsequently filed an Emergency Motion to set Status Conference on March 5, 2010, which the Court denied on March 8, 2010.

## FACTS WITH RESPECT TO THE NAMED PLAINTIFFS

Plaintiffs set forth a detailed factual account with respect to their claims against CitiCorp Trust in their original complaint, and the Court has already found that Plaintiffs' pled facts are specific and plausible.   Additional facts supporting Plaintiffs' claims are set out in Plaintiffs' response to CitiCorp's motion to dismiss.  Docket No. 23.  Citicorp, and its affiliate CitiFinancial Mortgage Company, Inc., also engaged in unconscionable proof-of-claim behavior in the Debtors' previous bankruptcy proceedings.   Plaintiffs are seeking to amend their complaint to add CitiFinancial Mortgage Company, Inc. as a defendant.

## RELIEF SOUGHT BY THE CLASS

The core of Plaintiffs' complaint is as follows: Defendant, and its related CitiCorp entities, (1) file false, inaccurate, misleading and undocumented proofs of claim, in violation of the Bankruptcy Code and Rules, and (2) rather than attaching documents that support their proofs of claims to the claim (as required), or even when asked (as also required), Defendant and its related entities engage in obstreperous litigation with debtors' attorneys until such debtors' counsel ultimately capitulate and give up pursuing the required documentation for the claim that Defendant was required to attach to its proof of claim in the first place.

Indeed, by this suit, Plaintiffs allege that CitiCorp, and its affiliates under the Citigroup umbrella, have been operating under the assumption that the fees and costs in their proofs of claim in consumer cases are invulnerable to challenge because debtors lack the sophistication, the debtors' bar lacks the financial motivation, and the bankruptcy courts lack the time to call them to task on their false proofs of claim. *See, e.g., In re Prevo*, 394 B.R. 847, 848-49 (Bankr. S.D. Tex. 2008).

Plaintiffs allege that Citicorp, and other members of the mortgage industry, are intentionally trying to game the system by filing proofs of claim with undocumented and excessive fees, and misleading or false information, and then (sometimes, but not always) reducing those fees only after being exposed by debtors' counsel through an objection. *See id.*  Plaintiffs' assert that the system cannot work if lenders violate the Code and Rules in the first place by filing false and misleading claims, only to amend them if "caught" by the debtors' bar with an objection, or, worse, litigate the debtor to death over claims that were not even legitimate when filed.  Such a "system," if it can be

called that, is inherently unfair to the debtors and their counsel because they are forced to litigate claims that were false and fraudulent, and not filed in accordance with the rules, in the first place.

As noted above, Plaintiffs assert, and courts and commentators have agreed, that the economics of such matters makes it likely, much more often than not, that the debtors and the trustees will simply pay the claims, even if they are false. *See id.*

In addition, Plaintiffs assert, and courts have agreed, that although debtors bear the initial burden of raising objections to claims, they should not be saddled with expenses incurred in filing objections to proofs of claim that were false and fraudulent when filed in the first place. By this suit, Plaintiffs seek to require CitiCorp to comply with the requirements for filing a proof of claim by attaching supporting documents in the first instance before the issue is raised by debtors' counsel. *See id.* at 851, n.8*, citing Tate v. NationsBanc Corp. (In re Tate),* 253 B.R. 653, 666 (Bankr. W.D. N.C. 2000). The Court has an incentive to grant Plaintiffs the relief they seek as well, because the Court has a duty to protect debtors from paying unsupported and potentially overreaching charges, and it cannot do so if the claim is false, fraudulent, misleading and/or unsupported. *See Prevo*, 394 B.R. at 850 (court castigated Citi Residential Lending, Inc. for its unjustified proof-of-claim practices and discussed the need to address the larger problem of mortgage lenders who "game the system" by seeking potentially unjustified fees through their practices of filing misleading and undocumented proofs of claim).

Plaintiffs assert that Citicorp's policies and practices are manifestly unlawful in that they cause Citicorp to (a) conceal from all parties the nature of the claimed debts and the required documentation for the claimed debts, (b) deprive debtors, their counsel, the trustees and the courts of the ability to analyze the claims and determine if the amounts claimed are accurate and justified,

(c) commit perjury in the United States bankruptcy courts, (d) destroy the debtor's ability to formulate an accurate reorganization plan based on actual, documented debt, and (e) deprive other creditors of money from the estate because the trustee pays money from the estate to Citicorp based on its false and fraudulent proofs of claim. .

By this suit, Plaintiffs seek to remedy Citicorp's consistent pattern and practice of disregard for federal law and to prevent its wrongful filing of proofs of claim in the United States Bankruptcy Courts. Plaintiffs seek a finding that Defendant's acts are in violation of the bankruptcy rules regarding claims, and constitute an abuse of process, an abuse of the Bankruptcy Code, and an abuse of the bankruptcy courts of this country. In its original complaint Plaintiffs sought declaratory and injunctive relief, monetary, actual and punitive damages, reasonable attorneys' fees, a finding of contempt and the issuance of sanctions against Citicorp Trust Bank for its actions.

## <u>MOTION FOR CLASS CERTIFICATION</u>

### I.    Class Definition

By this motion, Plaintiffs seek to certify the following class:

Individual debtors who filed or will file for protection under the United States Bankruptcy Code after January 1, 1999, and in which Citicorp Trust Bank or CitiFinancial Mortgage Company, Inc. filed a proof of claim or will file a proof of claim.[2]

### II.    Certification Under Fed. R. Civ. P. 23 (b)(1)(A) and (b)(2)

Plaintiffs seek to certify the class pursuant to Rule 23 (b)(1)(A) and (b)(2).

Fed. R. Civ. P. 23 (b) states, in pertinent part:

---

[2]  Plaintiffs are seeking to amend their complaint to add CitiFinancial Mortgage Company, Inc.  If the Court denies the motion, Plaintiffs will request that the Court certify the class as to CitiCorp. Trust Bank.

**(b) Types of Class Actions**.  A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; ...

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## ARGUMENT AND AUTHORITIES

### I.      General Standards

Federal Rule of Bankruptcy Procedure 7023 incorporates Rule 23 of the Federal Rules of Civil Procedure governing class actions in adversary proceedings.  *In re Talbert*, 347 B.R. 804, 807 (Bankr. E.D. La. 2005).

In determining whether a class should be certified, the merits of the case are not to be examined and the substantive allegations of the complaint are to be taken as true.  *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177 (1974).  Class certification requires an inquiry into whether the requirements of Rule 23 are met rather than whether the plaintiffs have stated a cause of action or will prevail on the merits.  *Eisen,* 417 U.S. at 178.  The policy underlying Rule 23 is to "achieve economies of time, effort and expense, and promote uniformity of decisions as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Henry v. Cash Today, Inc*. 199 F.R.D. 566, 570 (S.D. Tex. 2000) *(citing State of Alabama v. Blue Bird Body Co., Inc.,* 573 F.2d 309, 315 (5th Cir.1978)).

### II.     This Court has jurisdiction over the national class Plaintiffs seek to certify.

This Court has jurisdiction over Plaintiffs' class-wide adversary proceeding. *Rojas,* 2009 WL 2496807 at * 3-4, 10 (Bankr. S.D. Tex. August 12, 2009)(slip opinion). *See also, Rodriguez v. Countrywide Home Loans, Inc.* (*In re Rodriguez*) 396 B.R. 436, 447-455. *See also In re Noletto,* 244 B.R. 845 (Bankr. S.D. Ala. 2000) (class of bankruptcy debtors is permitted); *In re Harris,* 280 B.R. 876 (Bankr. S.D. Ala. 2001) (in case challenging attorney fees improperly posted to debtors' mortgage accounts, class certification under Rule 7023(b)(2) was appropriate because most fees had not yet been collected or only partially paid by debtors, and declaratory and injunctive relief removing fees from accounts and providing restitution for those paid was predominant form of relief); *Bank United v. Manley,* 273 B.R. 229 (N.D. Ala. 2001) (affirming certification of a nationwide class of debtors challenging mortgage overcharges); *In re Sims*, 278 B.R. 457 (Bankr. E.D. Tenn. 2002) (bankruptcy court has jurisdiction over class complaint).

## III.     The proposed class satisfies Rule 23(a).

This case indisputably meets the four prerequisites of Rule 23(a) necessary to class certification: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

### A.     Numerosity

Fed. R. Civ. Bankr. P. 7023(a)(1) requires that the class be so numerous that joinder of all members is impracticable. There is no rule as to what specific number of class members is required for certification. The proper focus is whether joinder is practicable in light of size and other relevant factors. *Zeidman v. J. Ray McDermott Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981). A plaintiff need not demonstrate the number of persons in the class with precision to satisfy the requirement that joinder is impracticable where, as here, such a conclusion is clear from reasonable estimates. *Henry*

199 F.R.D. 569; *see also Zeidman v. J. Ray McDermott Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981);

*Martin v. Home Depot U.S.A., Inc*., 225 F.R.D. 198, 200 (W.D. Tex. 2004).  The Fifth Circuit has

identified several factors relevant to the numerosity inquiry, including the number of class members,

the geographical dispersion of the class, the ease with which class members may be identified, the

nature of the action, and the size of each plaintiff's claim.  *In re Talbert*, 347 B.R. 804, 808, *citing,*

*Garcia v. Gloor,* 618 F.2d 264, 267 (5th Cir.1980).

      Classes of less than one hundred persons have been found sufficient to satisfy numerosity.

*In re Talbert*, 347 B.R. at 808-809 (finding numerosity requirement met when class potentially

consisted of 88 members, noting that classes consisting of as few as 25 or 30 members are certifiable.

(citation omitted)); *Mullen v. Treasure Chest Casino*, 186 F. 3d 620, 624 (5th Cir. 1999) (finding no

abuse of discretion  in the district court's ruling that a class size of 100 to 150 members is within the

range that satisfies the numerosity requirement).  These classes are easily identifiable by a ministerial

review of Citicorp's electronic records.

      Next, the class consists of bankruptcy debtors that are geographically disbursed over the

country, rendering joinder impracticable. *Wilborn,* 404 B.R. at 862 (finding joinder impracticable for

a Southern District of Texas class where the Southern District includes over 40 counties and covers

46,000 square miles) (citations omitted); *Phillips v. Joint Legislative Comm. on Performance &*

*Expenditure Review of the State of Miss.,* 637 F.2d 1014, 1022 (5th Cir.1981) ("[t]he proper focus is

not on numbers alone, but on whether joinder of all members is practicable in view of the numerosity

of the class and all other relevant factors.").  As such, the classes are sufficiently numerous.

      Plaintiffs will show at the hearing on class certification that CitiCorp Trust Bank, and

CitiFinancial Mortgage Company, Inc., failed to attach the required documentation and provide the

required detail for their proofs of claim with respect to a sufficient number of debtors to establish numerosity in this case.

### B.     Commonality

Fed. R. Civ. P. 23 (a)(2) requires that there be questions of law or fact common to the class. "The threshold of 'commonality' is not high." *Martin,* 225 F.2d at 200 (citations omitted); *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F. 3d 290, 296-97 (5th Cir. 2001) (additional citations omitted).  The predominance, or commonality, requirement is merely a test of whether a proposed class is sufficiently cohesive to warrant adjudication by representation.  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

Citicorp Trust Bank and CitiFinancial Mortgage engage in a pattern of conduct that had a uniform effect on all members of the proposed class.

There are questions of law or fact common to each class member, including, without limitation:

- Whether the conduct of Defendant(s) with respect to their proofs of claim is as alleged by Plaintiffs, and

- Whether the conduct of Defendant violates the provisions of the Bankruptcy Code and Rules at issue in this case;

- Whether the members of the class are entitled to declaratory relief,  injunctive relief, other equitable relief, sanctions, attorney's fees and costs.

Rule 23(a)(2) does not require complete identity of legal claims among class members, but only that there be "at least one issue, the resolution of which will affect all or a significant number of the putative class members." *In re Talbert*, at 809, *citing*, *Forbush v. J.C. Penney Co.,* 994 F.2d 1101, 1106 (5th Cir.1993); *Lightbourn v. County of El Paso, Texas,* 118 F.3d 421, 426 (5th Cir.1997). Where standardized conduct is at issue, as here, commonality will usually be found. *In re AmeriFirst*

*Sec. Litig.*, 139 F.R.D. 423, 428 (S.D. Fla. 1991); *In re First Commodity Corp. of Boston Customer Accounts Litig.,* 119 F.R.D. 301, 309-10 (D. Mass. 1987).

The named plaintiffs must share at least one question of fact or law with the prospective class and it is not necessary to prove that all class members suffered actual injury, only that all class members are subject to the same harm. *Baby Neal v. Casey*, 43 F.3d 48, 56 (3rd 1994). "The test for commonality is not demanding and is met 'where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.'" *Mullen v. Treasure Chest Casino*, 186 F.3d 620, 625 (5th Cir. 1999).

The proposed classes share numerous common issues, including whether Citicorp failed to obtain the Bankruptcy Court's approval under 2016 for its fees, and costs, whether Citicorp assessed unapproved legal fees and costs to debtor's accounts, whether Plaintiffs and class members paid Citicorp unapproved attorney's fees, costs and inspection fees and whether such fees and costs are properly due under the Bankruptcy Code.

## C.      Typicality

The classes satisfy Fed. R. Civ. P. 23(a)(3), which requires the representative parties to have claims or defenses that are typical of the claims or defenses of the class.  Like commonality, the test for typicality is not demanding. *Mullen,* at 625.  "Typicality" does not mean that the claims of the representative parties must be identical to those of the absent members.  *See, Phillips v. Joint Legislative Comm. On Performance*, 637 F. 2d 1014, 1024 (5th Cir. 1981).  Rather, typicality is satisfied where the representative plaintiffs' claims arise out of the same event or course of conduct as the other members' claims and are based on the same legal theory.  *See, In re First Republicbank Sec. Litig.*, Nos. CIV. A. 3-88-0641-H, 3-88-1251-H, 1989 WL 108795, *11 (N.D. Tex. Aug. 1, 1989).

"[A] class representative and a class member must be similarly, not identically, situated." *Ligon v. Frito-Lay, Inc.*, 82 F.R.D. 42, 47 (N.D. Tex. 1979).

Plaintiffs' claims are typical of those of the classes they seek to represent.  The Rojases have been subjected to the same misconduct as the members of the proposed class.  They seek similar remedies for themselves and the absent class members.

### D.     Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  Factors affecting the adequacy determination include, (1) adequacy of counsel, (2) potential for conflicts of interest between the representatives and the class members, and (3) the representatives' willingness and ability to take an active role in the litigation and to protect the interests of the class.  *Krim v. PCOrder.com, Inc.*, 210 F.R.D. 581, 587 (W.D. Tex. 2002).

As will be demonstrated by the declarations of Karen Kellett and Ellen Stone in support of class certification, the undersigned counsel has significant experience representing consumers in class action lawsuits and in representing debtors with consumer claims in bankruptcy.  Counsel will adequately protect the interests of the class.  Counsel have explained to Plaintiffs their role as class representatives, the nature of a class action, and the potential advantages and disadvantages to them individually.

The interests of Plaintiffs are the same as the interests of absent class members.  They understand that as class representatives, they represent themselves and others who have been wronged in a similar manner.

Moreover, even if the Plaintiffs are without a detailed understanding of the claims or the law, the Rule does not require a class representative to have detailed knowledge of consumer protection law or "talk like a lawyer."  If either were required, consumer class actions would be rendered unavailable

in precisely those situations in which they are most needed– when the poor and uninformed have been

targeted for fraud.  *See*, *i.e., Surowitz v. Hilton Hotels*, 383 U.S. (1966).

Courts have held that under *Surowitz* a named plaintiff is *not* required to be familiar with the

contents of the pleadings that basically are concerned with the technical legal matters or explain facts

relating to other victims of the challenged conduct.  *See Karmon v. Kemper Fin. Servs., Inc.* 908 F.2d

1338, 1339 (7ᵗʰ Cir. 1990) *rev's on other grounds,* 500 U.S. 90 (1991) ("When defendanats ' counsel

took [plaintiff's] deposition and learned that she knew little about either the Fund or the case and had

given counsel free reign, they learned only that this case fits the norm.").

Courts have recognized that people should not be targets for an attack on adequacy solely

because they are uneducated or because the rely on counsel to investigate the facts and law applicable

to their case.  *Eggleston v. Chi Journeyman Plumbers' Local Union No. 130*, 657 F.2d 890, 296 (7ᵗʰ

Cir. 1981), *cert denied*, 455 U.S. 1017 (1982);  *Arellano v. Etan Indus., Inc.,* 1998 WL 911729, 1998

U.S. Dist. LEXIS 11352 (N.D. Ill. July 16, 1998); *Rivera v. Fair Chevrolet Geo P'Ship,* 165 F.R.D.

361, *later opinion* 168 F.R.D. (D. Conn. 2996);  *Heastie v. Bank of Greater Peoria,* 125 F.R.D. 669,

677 (N.D. Ill. 1989);  *Aguirre v. Bustos*, 89 F.R.D. 645, 648 (D.N.M. 1981);  *Brown v. LeSalle

Northwest Nat's Bank,* 1993 WL 313563;  1993 U.S.Dist. LEXIS 11419 (N.D. Ill. Aug. 13, 1993).  43.

As stated in *Shamberg v. Ahlstrom*, 111 F.R.D. 689, 695 (D.N.J. 1986):  a plaintiff need not

have complete knowledge of a case to be an adequate class representative.  Indeed, he may even

display 'a complete ignorance of the facts concerning the transaction that he was challenging'.  In

addition, Courts have also rejected defense arguments that a proposed class representative was

inadequate because that person "may have, in defendants' view, given contradictory testimony or

suffered lapses of memory." *Fickinger v. C.I. Planning Corp.,* 103 F.R.D. 529, 533 (E.D.Pa. 1984).

In this case, the Plaintiffs understand the claims sufficiently and have been actively involved in the litigation.  In their bankruptcies, the Plaintiffs have sought counsel concerning CitiCorp Trust Bank's and CitiFinancial Mortgage's untoward behavior with respect to the proofs of claim such entities filed, withdrew and litigated in Plaintiffs' bankruptcy cases.  The Plaintiffs have sought to understand their rights with respect to Citicorp Trust Bank's and CitiFinancial Mortgage's actions. They have provided documents needed in the case, and have consulted with their counsel in Ms. Stone's offices on several occasions to discuss the case,  have had numerous phone calls with their counsel over the months that this case has been pending and years in which CitiCorp Trust Bank and CitiFiancial Mortgage were filing incomprehensible, undocumented and unsubstantiated claims in their cases, and have reviewed pleadings in this case.

## IV.    The proposed class satisfies Bankruptcy Rule 7023(b)(1)(A).

A class can be certified under Fed. R. Civ. P. 23 (b)(1)(A) if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; ...

Fed. R. Civ. P. 23(b)(1)(A).

Certification under 23(b)(1)(A) is particularly appropriate here because Plaintiffs essentially seek a declaration that CitiCorp's and CitiFinancial's proof-of-claim practices are illegal, seek an injunction that will relegate the way in which defendant will file proofs of claims in bankruptcy courts around the country, and seek an injunction and other equitable relief governing the manner in which defendant will respond to objections that its claims are not properly itemized and documented.

Indeed, counsel in this and other similar cases argue often and vociferously that the bankruptcy court cannot certify a class because some other bankruptcy courts have ruled differently and/or require different procedures with respect to bankruptcy issues such as unapproved fees and proofs of claim. However, such arguments ignore, annoyingly, that the bankruptcy courts have set up such procedures precisely in their desperate attempts to reign in the illegal and Code-destroying actions of those very creditors. Such arguments also completely ignore the court's ability to certify a class under Rule 23(b)(1)(A), which is designed precisely for situations where "inconsistent or varying adjudications with respect to individual class members" that would establish "incompatible standards of conduct for the party opposing the class," i.e., the creditor.

In a case that is similar involving non-bankruptcy consumer-protection statutes, the Fifth Circuit upheld the district court's certification of a Rule 23(b)(1)(A) class. *Smith v. Crystian*, 91 Fed. Appx. 952, (5th Cir. 2004)(per curium)(unpublished). In that case, the Court noted that, "In the instant case, numerous claims have already been filed or are expected to be filed against Tower and each has requested or probably will request injunctive relief seeking to modify Tower's business practices." Moreover, the plaintiffs' complaint in that case requested multiple equitable remedies. *Id. See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 421 n.16 (5th Cir. 1998)] (stating that a risk of inconsistent adjudications is presented when the parties present claims for injunctive or equitable relief.). 3 These

---

[3] In *Crystian*, the plaintiff's second amended complaint requested the following equitable relief:

a) A court determination that the defendant, Tower, had violated the terms of a consent decree with the FTC, which required the defendant to include credit life and credit disability insurance charges as finance charges on the Truth in Lending statements furnished to its borrowers.

(b) A court determination of the rights of plaintiffs and the class and corresponding rights of defendants.

(c) An order enjoining defendants from engaging in further unfair, misleading and deceptive practices regarding the manner in which it procures and places credit life, credit disability and property insurance on the plaintiffs and class members, as well as future borrowers.

(d) A court order requiring defendant to refund to plaintiffs and all class members all premiums and related charges made

facts supported the district court's conclusion that the case presented an inherent risk that different courts could reach "inconsistent or varying adjudications" which would "establish incompatible standards of conduct" for the lender.  For instance, the class sought "[a] Court Order establishing a fair method by which the borrowers have the option to file credit insurance claims directly with the insurance company."  *Id.* at 954-955.  If similar relief was requested in another proceeding, a risk of incompatible standards of conduct could have presented itself if the two courts established conflicting "fair methods" for filing credit insurance claims.  *Id.* at 955.

This Court is well aware that bankruptcy courts in this district and around the country are imposing standards on lenders in various cases in an attempt to control their out-of-control proof-of-claim (and other) abuses.   Because such actions can and indeed are "establishing incompatible standards of conduct" for Citi and other similar lenders in bankruptcy proceedings, certification under Rule 23(b)(1)(A) is the quintessential remedy.

## V.      The proposed class satisfies Bankruptcy Rule 7023(b)(2).

---

to defendant or its agents.

(e) A court order requiring the defendant to cease and desist from violating Section 75-67-121 of Mississippi Code by charging premiums not in keeping with that usually and customarily paid for like insurance.

(f) A court order requiring the defendant to cease and desist from violating Section 85-5-35 by engaging in unfair competition and practices, by making, publishing and disseminating to the public false and misleading statements concerning the availability of loans, the costs of said loans, and the collateral to be taken for said loans.

(g) A court order requiring the defendants to inform all borrowers of the ownership, financial connection, and sharing of the borrower's premiums for all insurance charged by the defendant, Tower.

(h) A court order requiring the defendants to terminate all "packing" of credit life, credit disability and property insurance unless and until the proposed plan is submitted to and approved by the Court.

(i) A court order requiring the defendants to allow property insurance claims to be filed and adjusted without requiring the borrower to obtain an appraisal.

(j) A court order establishing a fair method by which the borrowers have the option to file credit insurance claims directly with the insurance company.

*Id.*

Certification under Rule 23(b)(2) is appropriate because the Rule authorizes class treatment when the defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. *Bratcher v. National Standard Life Insurance Co. (In re Monumental Life Insurance Co.)*, 365 F.3d 408, 414-415 (5th Cir. 2004) *cert denied, American Nat. Ins. Co. v. Bratcher*, 543 U.S. 870 (2004).

Although the party opposing the class must have acted or refused to act on grounds generally applicable to all class members, the conduct in question does not need to be directed at or damaging to each member of the class. The Advisory Committee Notes accompanying the 1966 amendment to 23(b)(2) state that "action or inaction is directed to a class within the meaning of this subdivision even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class. Fed. R. Civ. P. 23 advisory committee's note (1966 Amendments). *See generally* 4 Herbert H. Newberg & Alba Conte, Newberg on Class Actions § 4.11 (4th ed.).

The key inquiry to be made is whether the defendant's conduct would affect all persons similarly situated, such that the defendant's acts apply generally to the whole class. 7AA Wright, Miller & Kane, Federal Practice & Procedure § 1775 (3d ed. 2005). While the normal inquiry regarding a 23(b)(3) class focuses on the effect of the wrongful conduct on each individual class member, under 23(b)(2) it is the conduct of the defendant - not the effect of the conduct on the plaintiff - that is at issue. *Id.* The court's inquiry focuses on the defendant's conduct; individualized facts regarding the plaintiffs are not relevant to whether or the defendant acted on grounds that are generally

applicable to the class.  The instant case presents a scenario for 23(b)(2) certification because Plaintiffs' Complaint primarily seeks declaratory and injunctive relief to end Citicorp's ongoing practices.

Moreover, although 23(b)(2) refers to requests for injunctive and declaratory relief, "[o]nce the conduct of the defendant makes such injunctive or declaratory relief appropriate, the full panoply of the court's equitable powers is introduced. Newberg on Class Actions, § 4.14 (3d ed. 1992).  Thus, the court's inherent contempt powers, and its powers under Section 105 to provide relief to the plaintiffs for the wrongs alleged, is complemented by the court's ability to certify a Rule 23 (b)(2) class in this case.

Finally, any monetary relief here is incidental to the requested injunctive and declaratory relief. *Humphrey v. United Way of Tex. Gulf Coast*, 2007 WL 2330933, at *8 (S.D.Tex.2007) (finding (b)(2) certification appropriate where monetary relief does not predominate over the equitable relief sought).[4]

Citicorp Trust Bank has acted in a way affecting all class members.  *See generally,* Newberg, at §4:14 (recognizing that "[w]hen monetary relief is properly sought as equitable restitution, such cases qualify as Rule 23(b)(2) classes, though such monetary relief is often as predominant as the injunctive and other equitable relief sought in such cases").  2 Newberg On Class Actions § 4:14 (4th ed.2002).  Indeed, in a case much more complicated than this, the Fifth Circuit held that, although thousands of restitution grids would need to be constructed to determine damages, the prevalence of variables common to the class made the damage computation  "virtually a mechanical task."

---

[4]    The drafters of Rule 23 believed that at least some form or amount of monetary relief would be permissible in a (b)(2) class action.  *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 257 (5th Cir. 1974).  The question under Rule 23 is whether the monetary relief requested in a case "predominates" over the other relief requested.  *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998). Whatever monetary relief must be awarded here "flow(s) directly from liability to the class as  a whole on the claims forming the basis of the injunctive or declaratory relief."  *Allison v. Citgo Petroleum Corp.* 151 F. 3d 402, 415 (5th Cir. 1998).  As in *Allison*, no "complex individual determinations" are required.  *Allison,* 151 F.3d 402, 415.

*Monumental* 543 F.3d.at 416.  The declaratory judgment and injunction on behalf of the class members clearly weigh in favor of a (b)(2) certification.

## CONCLUSION

The proposed classes meet the requirements of Rule 23(a)(1)(A) and (b)(2). For all the foregoing reasons, Plaintiffs request that their motion for class certification be granted, that they be appointed class representatives, that their counsel be appointed pursuant to Rule 23(g) and that Plaintiffs be directed to propose a formal plan for notice pursuant to Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

ARMSTRONG KELLETT BARTHOLOW P.C.

By: */s/ Karen L. Kellett*
    Karen L. Kellett
    State Bar No. 11199520

11300 N. Central Expressway
Suite 301
Dallas, TX 75202
(214) 696-9000 - Telephone
(214) 696-9001 - Telecopy

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on March 31, 2010, I caused the foregoing to be served on the parties listed below via e-mail.

*/s/ Karen L. Kellett*
Karen L. Kellett

**U.S. TRUSTEE:**
Charles Sterbach
Barbara Jue
606 N. Carancahua, Ste. 1107
Corpus Christi, TX 77476

**ATTORNEYS FOR CITICORP
TRUST BANK**

W. Steven Bryant
JPMorgan Chase Tower
Lock Lord Bissell & Liddelll LLP
600 Travis Street
Houston, Texas 77002-3095

Roger Cowie
Lock Lord Bissell & Liddelll LLP
2200 Ross Ave.,Suite 2200
Dallas, TX 75201